[No. 5708.]

# FRANK BOSQUETT *v.* W. H. CRANE AND JOHN S. CHAPMAN.

FINDING OF FACTS.—The finding of facts must support the judgment, and must respond to all material issues.

PROCEEDINGS ON REVERSAL OF JUDGMENT.—If the judgment is reversed for a failure to find on all the issues, the court may, when the remittitur goes down, amend its findings without a new trial, if it can do so on the evidence already taken; otherwise it may proceed to hear evidence upon the point, after notice to the parties.

ESTOPPEL BY JUDGMENT.—If, in an action for damages for a trespass on land, the plaintiff relies for title upon certificates of purchase issued by the State, and the defendant puts in issue the plaintiff's title, and the plaintiff recovers judgment, the judgment is not a bar to an action brought by the defendant against the plaintiff to determine which of the parties has the better right to purchase the land from the State.

APPEAL from the District Court, Second Judicial District, County of Lassen.

On June 5, 1872, an application was received by the State Surveyor-General from W. H. Crane, for the purchase of the E. ½ of the S. W. ¼ and the S. W. ¼ of the S. E. ¼ of section 16, township 29 north, range 12 East, of Mount Diablo meridian; and on June 22, 1872, an application was received from John S. Chapman for the purchase of the N. ½ of the S. E. ¼ and the S. E. ¼ of the S. E. ¼ of said section 16.

August 29, 1872, both of said locations were approved, and in due time payment having been made to the State for the land, as required by law, certificates of purchase were issued by the register of the State Land Office for the same.

March 16, 1874, an application was received from Frank Bosquett, for the purchase of all the land applied for by Crane and Chapman; and at the same time a protest was received from Bosquett, through his attorneys, Spencer & Holl against the issuance of patents to Crane and Chapman for said land, on the ground that he (Bosquett) was in possession of the same prior to the date of their applications, and for other reasons; and he further made the demand that the contest be referred to the courts for adjudication.

The Surveyor-General made an order referring the contest for trial to the District Court for the county of Lassen. This was an action commenced on the twenty-eighth of July, 1874, in compliance with the order. The action of trespass referred to in the opinion of the court as having been brought by the defendants here against this plaintiff, was commenced on the twenty-third of May, 1873, and the plaintiff recovered judgment on the twelfth day of September, 1873, for the sum of seventy-five dollars damages, and restraining the defendants from working mines on the land. The court rendered judgment in this action in favor of the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*E. V. Spencer* and *S. Solon Holl*, for the Appellant, argued that the findings did not respond to the issues, and that the question of title was not involved here, it being a suit to enable one of the parties to acquire title from the State.

*J. S. Chapman*, for the Respondents, argued that the former judgment was a bar, and cited *Outram* v. *Morewood* (3 East. 346); and that the full payment for the land vested in the defendants the title, even if there were defects in their application to purchase.

By the COURT:

One of the material issues in the cause was, whether the plaintiff at the time of the defendants' application to purchase was in the adverse occupation of the land in controversy. There is no finding on this issue, but there is a finding to the effect that at the dates of the defendant's applications to purchase, the plaintiff and others "were upon portions of said section, occupying the same as miners and claiming thereon mining claims" under the mining laws and customs of that locality. It does not appear whether these mining claims were upon the land in controversy or upon some other portion of the section. The findings should have responded to the issue, as to the adverse occupation of the premises in dispute; and as we

have repeatedly held that under the Code the findings must support the judgment, it results that the judgment is erroneous.

The court having failed to find upon a material issue, no judgment could be pronounced in the absence of such a finding.

But if the court below can determine this issue on the evidence taken at the trial, it may amend its findings in this particular without the necessity of another trial, and will thereupon proceed to pronounce judgment. Otherwise it will proceed to hear further evidence upon that point, after due notice to the parties. One of the defenses set up in the answer is, that before the commencement of this action the defendants brought an action of trespass against the plaintiff, claiming damages for an alleged trespass by the plaintiff upon the land in controversy, and that in that action the present plaintiff by his answer put in issue the title of these defendants under their certificates of purchase, and that such proceedings were had therein that a final judgment was rendered in favor of these defendants against the present plaintiff for damages, and restraining him from working the mines on the land. The court found this fact in favor of these defendants, and as a conclusion of law found that the judgment in that action was a bar to the plaintiff's recovery. This was error. The very purpose of the present action is to determine the validity of the defendants' certificates of purchase, and whether they conferred upon them the better right to purchase the lands from the State. This issue could not have been determined in the former action; and the court in that action had no jurisdiction to decide whether the plaintiff or defendants had the better right to purchase the land from the State; and it is the precise purpose of this action to determine that question. That portion of the answer which sets up this defense should have been disregarded, and the conclusion of law founded upon it was erroneous.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion. Remittitur forthwith.