## LORD v. THOMAS et ux.

### No. 18,220; March 29, 1894.

#### 36 Pac. 372.

**Res Judicata.**—In Ejectment Against Several Defendants a Judgment in a former action between plaintiff and one of the defendants, offered generally against all, is inadmissible, unless they are privy in estate and bound by such judgment.

**Res Judicata.—A Prior Judgment is Conclusive upon the Parties Only** as to matters actually and necessarily decided therein.

**Ejectment—Evidence.—Upon an Issue That Plaintiff's Grantor** had taken title for the joint benefit of himself and defendants, and that plaintiff took title from him with notice of defendants' rights, it is competent to show the circumstances of the purchase by such grantor, and his declarations at that time, as tending to show defendants' interest.

APPEAL from Superior Court, Stanislaus County; William O. Minor, Judge.

Action in ejectment by William J. Lord against Stephen Thomas and Annie Thomas. From a judgment for defendants, plaintiff appeals. Affirmed.

R. C. Minor and Eastin & Griffin for appellants; P. J. Hazen for respondents.

HAYNES, C.—Action in ejectment to recover possession of two acres of land in Stanislaus county. The complaint is in the usual form. The answer, after denying the allegations of the complaint, for a second defense alleged that defendants were tenants in common with the plaintiff, and were entitled to possession as such, and that they did and always had permitted plaintiff to have possession as such cotenant. For a third defense, they alleged that in April, 1885, Joseph Lord, the father of the plaintiff, agreed with defendant Stephen Thomas to purchase the demanded premises (which were then about to be sold at administrator's sale), for himself and Thomas, each to have an undivided one-half interest therein; that Joseph Lord bought the premises pursuant to said agreement, that Thomas paid a part of his proportion of the purchase money, and Lord advanced the remainder, and took a conveyance thereof in his own name for the benefit of himself and Thomas, and thereafter held the title in trust for the benefit of both; that defendant went into possession as such cotenant in his own right, and had ever since occupied the premises as such cotenant; and that plaintiff took a conveyance of the whole of the premises from his father, Joseph Lord, with full knowledge of said facts and of the rights of defendants therein. Special issues were submitted to the jury covering the controlling facts alleged in the third defense, all of which were found in favor of de-

fendants, and those were adopted by the court, and full findings on all the issues were added, and defendants had judgment. The plaintiff's motion for a new trial was denied, and this appeal is from the judgment and the order denying a new trial.

The principal question arises upon the exclusion of certain evidence offered by the plaintiff. On January 25, 1890, the plaintiff, William J. Lord, commenced an action in the superior court against Stephen Thomas, one of the defendants herein, upon two causes of action: one for the recovery of rent for the same premises involved in this action from April 28, 1888, to January 20, 1890, at $9 per month, amounting to $183, and in the second cause of action, which was for unlawful detainer, sought to recover possession of the same premises, alleging a written lease made January 20, 1890, for three months at $10 per month, and that notice to quit was served April 22, 1890. The answer of defendants in that case, in addition to denials, alleged substantially the same facts set up in the third defense in this action, and, as to the written lease alleged in the complaint, answered that it was intended as an acknowledgment of plaintiff's interest in the premises as tenant in common, and an agreement to pay rent for such interest, and that under said lease he paid the rent up to May 20, 1890. That action was tried by the court without a jury, and resulted in a judgment for plaintiff for $183 upon the first cause of action, and against the plaintiff on the second, upon the ground that the lease had been extended by receiving rent beyond the term, and for want of the proper notice. The findings were very full, and to the effect that the defendant never had any ownership as tenant in common or otherwise, that he had always occupied the premises as the tenant of the plaintiff and his grantor, at a monthly rental of $9 up to the date of the written lease, and that said lease was of the entire property, and not of an undivided interest.

Upon the trial of the present action, the plaintiff offered in evidence in chief the judgment-roll in said first action, upon the ground that it was an estoppel. Defendant objected that, if relied upon as an estoppel, it should have been pleaded, and made the further objection that it was irrelevant, immaterial and incompetent, and that the judgment in that case is not inconsistent with the defense in this. I think the evidence was properly excluded. The judgment-roll offered

in evidence was in a case against Stephen Thomas alone. In this action his wife was made a defendant, and the complaint alleged that "the defendants are in possession, . . . . and wrongfully withhold," etc. The offer was general, and was not restricted to the defendant Stephen Thomas. It constituted no estoppel as against Annie Thomas. It does not appear that she claimed by title acquired subsequently to that judgment, or that she is.in any sense a privy in estate affected in any manner by the judgment offered in evidence. The effect of a judgment as an estoppel is declared by subdivision 2, section 1908 of the Code of Civil Procedure. The plaintiff was not required to plead the former judgment in bar, but the form of the plea, if it had been pleaded, would have indicated the circumstances under which he could use it in evidence. If pleaded, it must appear, not only that it was upon the same cause of action, but between the same parties or their privies; and hence, where it is pleaded against one not a party to the former record, the facts showing that such party is bound must be pleaded, and, if used in evidence against such party without being pleaded, the facts showing that such party is bound or estopped by the judgment must first be given in evidence. There is nothing in the record to rebut or contradict the supposition that Thomas may have conveyed his entire equitable interest in the property to his wife before the former action was commenced. But, were it otherwise, we think the evidence was properly excluded. Two causes of action were stated in the complaint in the first suit. Upon the second cause of action, which was in forcible detainer, the judgment was not upon the merits, and it must have been against the plaintiff, whatever the facts as to the ownership may have been; and no findings as to ownership were necessary to support the judgment, or were in any manner pertinent. The first cause of action was for the recovery of rent under an alleged verbal lease. Some uncertainty as to what the issues were upon the first cause of action arises from the failure of defendant to specify the causes of action to which his defenses were intended to apply. Under the first cause of action, the right to the possession of the premises was not involved, and under the evidence disclosed by the record in the present case, and consistently with the facts alleged by the defendant in his second defense in the former case, and in his answer in this, that judgment upon the first cause of action was sustain-

able, even if the facts as to the tenancy in common had been found to be as alleged by defendant. He had been in the sole possession of the premises, conducting a saloon business thereon in which the plaintiff had no interest, and also occupied the premises with his family; and, whether there had been an express leasing or not, the plaintiff was entitled to compensation for the use of his undivided interest in the property. The fact there directly decided was that the plaintiff was entitled to rent at the rate of $9 per month for the time claimed; and, as to that fact, and as to facts which it was necessary to decide as the groundwork or foundation of the fact directly adjudged, the judgment is conclusive as between the parties thereto and their privies (Reg. v. Inhabitants of Hartington Middle Quarter, 4 El. & B. 793) ; or, as stated in Code of Civil Procedure, section 1911: ''That only is deemed to have been adjudged in a former judgment which appears upon its face to have been adjudged, or which was actually and necessarily included therein, or necessary thereto.'' ''The true doctrine is that facts found sufficient to uphold the decree conclude the parties and nothing else'': Coit v. Tracy, 8 Conn. 268. See, also, Bosquett v. Crane, 51 Cal. 507; People v. Johnson, 38 N. Y. 63.

Some other exceptions were taken by appellant which are noticed in his brief, one of which is that the court erred in permitting the witness Joseph Lord to testify on cross-examination as to when and how he obtained title to the demanded premises. This witness, when examined in chief, produced, and there was read in evidence, a deed from himself to the plaintiff, evidently for the purpose of showing title in the plaintiff, and this was followed by the introduction of a lease from the plaintiff to defendant Stephen Thomas, made after the conveyance. The witness had testified without objection that defendant were in possession before the execution of the lease, which bore date January 20, 1890. I think it was entirely proper on cross-examination to show, as was shown by the answers of the witness, that he acquired the title in 1885, and that defendants went into possession a month or two thereafter, thus showing that their entry was not under the lease given in evidence, and was prior to the title shown in the plaintiff. The witnesses John Roberts, Captain James and Annie Thomas were properly permitted to testify to statements made by Joseph Lord at the time he bid off the prop-

erty in question, tending to show that the purchase was made for himself and Thomas. The plaintiff acquired his title from Joseph Lord, and it was alleged that he had full knowledge of the circumstances under which his grantor obtained title; and the testimony of these witnesses tended strongly to show, by the statements and admissions of Joseph Lord at the time of the transaction, that defendants had an interest in the purchase to the extent of an undivided one-half of the property.

I have examined the other exceptions taken, but find no prejudicial error in any of them. The point that the evidence is insufficient to justify the findings is not well taken. The judgment and order appealed from should be affirmed.

.We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.