[No. 7,015.—Department No. 1.]

EDDELBUTTEL ET AL. v. DURRELL ET AL.

SPECIFICATIONS.— STATEMENT ON MOTION FOR NEW TRIAL. — Specifications, in a statement on motion for new trial, "that the first finding is not sustained by the evidence," "that the second finding is not sustained by the evidence," etc., *held*, (with reference to the findings cited by the Court) to be insufficient.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Twenty-first District Court, County of Plumas. CLOUGH, J.

R. H. F. *Variel*, and J. D. *Goodwin*, for Appellants.

E. T. *Hogan*, for Respondents.

Ross, J.:

The plaintiffs, by this action, sought to restrain the defendants from the diversion of certain waters of a certain creek in Plumas County. The grounds for the relief asked are thus stated in the amended complaint: " Plaintiffs, by this amended complaint, for a cause of action, allege, that since the 10th day of December, 1875, they have been and they now are the owners of, and entitled to the use, occupation, and possession of all the waters naturally flowing in the south branch of Willow

Creek, in Plumas township, Plumas County, California, except that certain amount to which the defendants, or some of them, as owners of a certain ditch known as the ' Old Hardy Ditch,' are entitled, the said amount being not to exceed forty (40) inches, according to miners' measure. That since the said 10th day of December, 1875, and up to the entry of the defendants hereinafter set forth, these plaintiffs have been in the continuous use, occupation, and possession of said waters, in the working of certain mining claims, situated in the bed of said creek, below where the said Hardy ditch diverts water from the same. That on or about the 10th day of November, 1878, the said defendants proceeded to enlarge the said Hardy ditch, and to divert thereby all the waters flowing in said creek, and they have ever since remained in the possession of the whole of said waters, and have deprived and threaten to deprive these plaintiffs of the use of the same."

The first, second, and third findings of the Court below are as follow :

"*First.*—That at no time since the 10th day of December, A. D. 1875, were the plaintiffs, or either of them, the owners of the whole, or any part of the waters naturally flowing in the south branch of the Willow Creek described in their amended complaint herein.

" *Second.*—That at various times between the 10th of December, 1875, and some time in October, 1878, the said plaintiff used, in mining the bed of said south branch of Willow Creek, such portion of the waters thereof as flowed past the head dam of the Hardy ditch referred to in the amended complaint ; and such use is the only evidence produced of possession of the said waters on the part of plaintiffs.

" *Third.*—That on the 10th day of November, 1878, nor at any time between that date and the commencement of this action, were said plaintiffs, or either of them, in the possession or entitled to the possession of any of the waters of said south branch of Willow Creek."

The specifications of error found in the statement on motion for a new trial are in these words :

" *First.*—The first finding of the Court is not sustained by the evidence, and it is contrary thereto.

" *Second.*—The second finding is not sustained by the evidence, and it is contrary thereto.

" *Third.*—The third finding is not sustained by the evidence, and it is contrary thereto."

By § 659 of the Code of Civil Procedure it is provided, that " when the notice of the motion (for a new trial) designates as the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify *the particulars in which such evidence is alleged to be insufficient.* When the notice designates, as the ground of the motion, errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. *If no such specifications be made, the statement shall be disregarded* on the hearing of the motion."

This is statute law, and we must obey it. In the case before us there is not even an attempt made to specify the particulars in which the evidence is alleged to be insufficient to sustain the findings of the Court below. Appellants might as well have said, in a general way, that none of the findings of the Court were sustained by the evidence.

The purpose of the statute is apparent. It was to direct the attention of Court and counsel to the particulars relied on by the moving party, to the end that the evidence bearing on the specifications of error might be inserted in the statement, and considered by the Court.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.