[No. 7,021.—In Bank.]

## W. H. SIMMONS v. E. W. HAMILTON ET AL.

ACCORD AND SATISFACTION.—An accord, without satisfaction, does not constitute a good defense to an action upon the original obligation.

ID.—NEW TRIAL—DECISION AGAINST LAW.—In an action upon a promissory note against H. and B., the latter pleaded, and the Court found, an oral agreement between the plaintiff and the defendants, whereby B. agreed to pay one-fourth of the amount of the note, and H. agreed to give the plaintiff a note, secured by mortgage on specified property, for the balance; and the plaintiff agreed to accept the same in satisfaction of the original note; that B. paid his part of the note, and that H. made and tendered to the plaintiff his note and mortgage in strict compliance with the agreement, but the plaintiff refused to accept the same. Judgment was entered against H., but in favor of B. *Held*, upon appeal from an order granting a new trial on motion of the plaintiff, that the new trial was rightly granted. MCKEE, J., and THORNTON, J., putting the decision on the ground that the Court erred in its conclusion of law, and in giving judgment for the defendant Bicknell, and that this was a decision against law for which a new trial should be granted under subd. 6, § 657 of the Code of Civil Procedure; and SHARPSTEIN, J., MCKINSTRY, J., and MYRICK, J., putting it on the ground that the Court erred in permitting the defendant B., against the plaintiff's objection, to testify to the verbal agreement set up in the answer.

ID.—ID.—ID.—ROSS, J., concurred in the opinion that the facts set up in the answer, and found by the Court, did not constitute a defense; but was of opinion, that the error could not be reviewed on an appeal from the order denying a new trial; and further, that there was no error in admitting the evidence of the parol agreement, because it was responsive to and tended to prove the matters set up in the answer.

APPEAL by defendant Bicknell, from an order granting a new trial, in the Seventeenth District Court. SEPULVEDA, J.

*S. M. White*, and *J. S. Chapman*, for Appellant.

The Court had no power to grant a new trial on the grounds stated. A new trial is a re-examination of an issue of fact. (Code Civ. Proc. §§ 656–658; *Emerson* v. *Santa Clara*, 40 Cal. 545; *Shepard* v. *McNeil*, 38 id. 74; *Spanagel* v. *Dellinger*, id. 283; *Jacks* v. *Buell*, 47 id. 162; *Martin* v. *Matfield*, 49 id. 44, 45.)

The accord was a good defense. Bicknell performed his part, and Hamilton tendered performance. (Civ. Code, §§ 1522, 1523, 1512.)

*A. H. Judson*, for Respondent.

An accord *executory* is not a bar. All the authorities establish this proposition, and nothing short of *acceptance* by the

creditor of the consideration extinguishes the obligation. (*Russell* v. *Lytle*, 6 Wend. 390; *Daniels* v. *Hallenbeck*, 19 id. 408; *Tilton* v. *Alcott*, 16 Barb. 593; *Day* v. *Roth*, 18 N. Y. 456; *Allen* v. *Harris*, 1 Raym. Ld. 122; *Hearn* v. *Kiehl*, 38 Pen. (N. J.) 147–149; *Lynn* v. *Bruce*, 2 Black. H. 317; *Hammond* v. *Christie*, 5 Rob. (N. Y.) 160; § 1522, Civ. Code.)

The *plea* must allege that the matter was *accepted* in satisfaction. (*Maze* v. *Miller*, 1 Wash. C. C. 328; *Cushing* v. *Wyman*, 44 Me. 121; *Blackburn* v. *Ormsby*, 41 Pen. (N. J.) 97.)

Proof of readiness to perform or a tender of performance will not avail. (*Smith* v. *Keels*, 15 Rich. 318; *Frost* v. *Johnson*, 8 Ohio, 393; *Noe* v. *Christy*, 51 N. Y. 270.)

McKEE, J.:

The Court below found, in substance, that the defendants were jointly indebted to the plaintiff by a promissory note which was then due and payable at the Commercial Bank of Los Angeles; that they verbally agreed with the plaintiff to take up his note in the following manner, viz.: Bicknell engaged to pay one-fourth of the principal and interest due upon the note, and Hamilton to pay the other three-fourths of the note by giving to the plaintiff his individual promissory note, secured by mortgage upon real estate in the city of Los Angeles. This the plaintiff verbally agreed to accept in satisfaction of their joint note.

Bicknell performed his part of this verbal agreement by paying into the Commercial Bank one-fourth of the principal and interest of the note, and the same was credited by the cashier of the bank upon the note. Hamilton executed his promissory note for the balance of the joint note; and to secure its payment, he and his wife executed a mortgage upon their homestead property. This note and mortgage Hamilton offered to deliver to the plaintiff, and demanded a surrender of the joint note of himself and Bicknell. But the mortgage was not satisfactory to the plaintiff, and he refused to accept Hamilton's note or the mortgage, or to surrender the joint note, and soon afterwards he brought this action. Upon these facts, the Court below decided, as a conclusion of law, that the plaintiff was entitled to judgment upon the note in action against the defendant Hamilton, but was not against the defendant Bicknell.

This conclusion of law was erroneous, for the findings of facts did not sustain the defense of accord and satisfaction. The findings correspond with the answer in the case, but the answer did not contain facts sufficient to constitute the defense. It averred only an unexecuted verbal agreement. But the authorities are uniform, that a plea of accord, to be a good plea, must show an accord which is not executory at a future day; but which ought to be executed, and has been executed, before the action is brought. (*Cushing* v. *Wyman*, 44 Me. 121; *Noe* v. *Christy*, 51 N. Y. 279; *Goodrich* v. *Stanley*, 24 Conn. 613.)

Now, the verbal agreement which was averred in the answer, and which was found by the Court, was never executed by the defendants. It was performed in part by the defendant Bicknell; but part performance of a verbal agreement by one or two joint debtors is not an execution by both; and an unexecuted agreement does not extinguish the obligation of joint debtors, unless it has been expressly accepted by the creditor, or he has agreed in writing to accept it, in satisfaction of the obligation. (§§ 1523, 1524, Civ. Code.) Therefore, that portion of the answer of defendant Bicknell which contained the alleged defense of accord and satisfaction should have been disregarded. The conclusion of law founded upon it was erroneous. (*Bosquett* v. *Crane*, 51 Cal. 501.) Instead of drawing such a conclusion, the Court should have decided that there was no accord and satisfaction; that the obligation of the defendants had not been extinguished by the unexecuted verbal agreement of the parties; and that the plaintiff was entitled to judgment against both the defendants. Having erred in its conclusion of law, and in giving judgment for the defendant Bicknell, the Court did not afterwards err in granting a new trial upon the ground that it had erred in its conclusion of law.

When a Court draws erroneous conclusions of law from its finding of facts, it is a decision against law, for which a new trial should be granted under subdivision 6 of § 657 of the Code of Civil Procedure. (*Bosquett* v. *Crane*, *supra; Martin* v. *Matfield*, 49 Cal. 42.) The terms "verdict and decision," as used in the subdivision of the section referred to, are appositional—what is predicated of one is also of the other. A verdict is the decision of a jury reported to the Court on matters

lawfully submitted to them in the course of the trial of a cause. It may be of two kinds—general and special. It is general, when it finds the facts and the law. It is special, when it finds the facts only, leaving the law applicable to them to be decided by the Court. If the jury return a general and special verdict, the one must be consistent with the other, for a special verdict controls the general verdict; and if it appears to the Court that the jury have, by their general verdict, drawn a conclusion not warranted by law, the Court should disregard it, and order judgment according to the special verdict. A finding of facts by a Court is regarded in the light of a special verdict; and if the Court draws an erroneous conclusion from its finding, that conclusion, like the general verdict of a jury which is inconsistent with its special verdict, being inconsistent with the findings, renders any judgment entered thereon erroneous.

Upon the facts found, whether found by the finding of a Court or the report of a referee, or the special verdict of a jury, the Court must decide the law of the facts before ordering judgment; and if its decision is contrary to or inconsistent with the pleadings in the case, or is in any respect contrary to law, a new trial should be granted. (*Tevis* v. *Hicks*, 41 Cal. 123; *Emerson* v. *Santa Clara County*, 40 id. 543.)

Order granting a new trial affirmed.

Thornton, J., concurred.

Sharpstein, J., concurring:

I concur in the affirmance of the order granting a new trial. The Court permitted the defendant Bicknell, against the plaintiff's objection, to testify to a verbal agreement which constituted no defense to the action upon the note. As stated in the transcript, "Counsel for the plaintiff at this point objected to the witness testifying to a parol contract subsequent to the note and varying the effect thereof. The objection was overruled, and plaintiff excepted."

If the objection had been based upon the ground that evidence of the parol contract would be immaterial or irrelevant, I do not think that the ruling of the Court could be sustained. And it seems to me, that the ground stated is substantially to that effect; i. e., that such an agreement would not affect the

plaintiff's right to recover upon the note. And the second specification of error contained in the statement on motion for a new trial, is, that " the Court erred in admitting evidence of a subsequent parol contract to vary or change the effect of the note on which the action was brought." That " subsequent parol contract " constituted the defendants' sole defense to the action, and if that had not been admitted, the judgment of the Court below would doubtless have been for the plaintiff. The Court does not appear to have based its order granting the motion for a new trial upon this ground, but it is sufficient for the purpose of affirming the order, that the Court might have done so. It seems to me, that the overruling of plaintiff's objection to the introduction of evidence of the parol agreement, testified to by defendant Bicknell, constitutes " error of law, occurring at the trial, and excepted to " by plaintiff.

McKINSTRY, J., and MYRICK, J., concurred in the opinion of SHARPSTEIN, J.

ROSS, J., dissenting:

I agree to the proposition first announced in the opinion of Mr. Justice McKEE; but I am unable to agree to the proposition that where, as in this case, all of the issues of fact raised by the pleadings are found upon by the Court, and the findings are sustained by the evidence, as is expressly stated by the Court below, an erroneous judgment drawn from those facts can be corrected by means of a motion for a new trial.

The authorities cited in the opinion, in support of the proposition that this can be done, are *Bosquett* v. *Crane*, 51 Cal. 505; *Tevis* v. *Hicks*, 41 id. 123; *Emerson* v. *Santa Clara County*, 40 id. 543; and *Martin* v. *Matfield*, 49 id. 42. I am unable to see that the first three of these cases have any bearing on the point at all; and the last one, *Martin* v. *Matfield*, so far as it applies, is, as I read it, directly the other way. Thus say the Court in the opinion delivered by Mr. Chief Justice Wallace: " The insufficiency of the evidence to justify the judgment is not a ground of motion for a new trial. Such a motion is not directed at the judgment, but at the verdict, or *other decision of fact*, for a new trial is a re-examination of an issue of fact.

(Code Civ. Proc. § 656.) * * * A verdict or other decision of *fact* may be set aside, and a new trial granted, if such verdict or decision of *fact* be against law (§ 656, *supra*, subd. 6); that is, if an error of law be committed, resulting in an erroneous decision of *fact*." And Mr. Justice Rhodes, in his concurring opinion in this case, said : " A new trial is a re-examination of an issue of fact (Code Civ. Proc. § 656) ; and when a new trial is granted, the finding is set aside, and of course the judgment resting upon it must fall. *But the question whether the judgment is authorized by the pleadings or findings cannot be agitated on the motion for a new trial, for it is not involved in a re-examination of the issues of fact.* The Code has provided other and sufficient modes for the determination of both branches of that question ; and it is very clear that the question, whether the issues of fact were correctly found, does not depend in any manner on the question, whether a pleading states sufficient facts to entitle a party to the relief granted by the judgment, or whether the issues as found sustain the judgment."

These views are supported by the cases of *Jenkins* v. *Frink*, 30 Cal. 586 ; *Shepard* v. *McNeil*, 38 id. 74 ; and *Thompson* v. *Hancock*, 51 id. 110.

Indeed, I cannot see how it can be otherwise under the statute. Since a new trial is " a re-examination of an issue of fact," where, as here, all such issues are correctly found upon, I am unable to find any authority for "a re-examination" of such facts ; in other words, for a new trial, or to see any necessity therefor. As said by Mr. Justice Rhodes, in *Martin* v. *Matfield*, *supra*, the Code has provided other and sufficient modes for the correction of such errors as were complained of in this case.

Nor can I see that the Court below erred in admitting the testimony of Bicknell, for it was responsive to and tended to prove the matters set up in the answer. That these matters did not, in law, constitute a defense to the action could have been taken advantage of by the plaintiff, by a motion for judgment on the pleadings, and subsequently by an appeal from the judgment, and perhaps by a motion in the Court below for judgment on the findings in his favor. But for the reasons already given, the error could not, in my opinion, be corrected on a motion for a new trial.

I therefore dissent.