[Sac. No. 1444. In Bank.—April 1, 1908.]

# GREAT WESTERN GOLD COMPANY, Respondent, v. JAMES J. CHAMBERS, Appellant.

APPEAL — ORDER REFUSING NEW TRIAL — QUESTIONS REVIEWABLE ON APPEAL.—Upon an appeal from an order denying a new trial, the appellate court is limited in its review of the action of the trial court to the grounds upon which such a motion may be based, and upon which the new trial was asked. Questions relating to the sufficiency of the complaint, rulings upon demurrers, and the sufficiency of the findings to support the judgment, cannot be considered on such an appeal.

ID.—FAILURE TO FIND—DECISION AGAINST LAW—GROUNDS OF MOTION FOR NEW TRIAL.—The failure of the trial court to make a finding of fact upon a material issue renders the decision one against law, and error in overruling a motion for a new trial made on that ground may be reviewed on appeal from the order. But in the absence of anything in the record to show that the motion for new trial was made on such ground, it cannot on appeal be presumed that it was.

ID.—NOTICE OF INTENTION—RECORD ON APPEAL.—It is not essential that the notice of intention to move for a new trial should be incorporated in the statement or bill of exceptions, but for purposes of review on appeal, it is essential that it should appear by the record that the ground for a new trial presented on appeal was presented

by the motion in the trial court. The record being otherwise silent upon the matter, this may be made to appear by proper specification of error in the statement or bill of exceptions; but the mere general specifications that the court erred in rendering judgment as it did are not sufficient to constitute such a showing.

ID.—AGENCY—ACCOUNTING—FINDINGS AS TO DAMAGES—JUDGMENT.—In an action against an agent for an accounting and for damages arising out of several alleged transactions, where the findings show the damages arising from a particular transaction in the sum of forty thousand dollars, and the amount of the further damages arising from the other transactions specifically alleged, a judgment rendered in favor of the plaintiff for the sum of forty thousand dollars, without anything by which the sum awarded can be made referable to any one or more of the particular transactions alleged, cannot be assailed for a failure to find upon an issue of fact.

ID.—FRAUDULENT OPTION TO PURCHASE TAKEN BY AGENT—LIABILITY OF AGENT FOR EXCESS OVER ACTUAL PURCHASE PRICE.—Where an agent, as the result of a fraudulent conspiracy between himself and the vendor, takes an option to purchase certain property for his principal for an amount in excess of the actual selling price agreed upon by him and the vendor, the principal, after acquiring knowledge of the facts, is not required to rescind, but may execute the option by paying the vendor the full purchase price expressed therein, and may hold the agent liable for the difference between the amount so paid and the price at which the property was actually acquired by the agent.

PLEADING—ACCORD AND SATISFACTION—RELEASE.—The defenses of accord and satisfaction and of release are affirmative defenses and must be pleaded by the defendant.

APPEAL from an order of the Superior Court of Shasta County refusing a new trial. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

Charles A. Garter, and Milton S. Hamilton, for Appellant.

Pickel, Crocker & Tourtellot, Sweeney & Tillotson, George O. Perry, and Morrison, Cope & Brobeck, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant from an order denying his motion for a new trial.

The complaint as originally filed was for an accounting, and for judgment for such amount as should be found due plaintiff thereon. It was alleged that defendant as the agent and general manager of plaintiff in Shasta County, Cali-

fornia, received large sums of money for the transaction of the business of plaintiff, and for the purpose of purchasing for plaintiff certain mining properties, and failed to account for the same and converted a large portion thereof to his own use. Various transactions relative to the Vandevere group of mines, the Murray mine, and the Roan and Putney mines, whereby defendant improperly obtained from plaintiff and converted to his own use sums aggregating eleven thousand seven hundred dollars, were alleged. It was further alleged that on or about September 20, 1902, defendant, while acting as the agent and trustee of plaintiff, was directed to proceed to Salt Lake City and purchase or procure for plaintiff a contract for certain mines in Shasta County known as the Afterthought, for not exceeding one hundred and fifty thousand dollars; that acting under said instructions, defendant proceeded to Salt Lake City, and, for the purpose of defrauding plaintiff in the matter of said purchase, entered into an agreement and conspiracy with one Snyder and one Mitchell, whereby Snyder was to take the title to said mines from the owner, one Tarbet, for ninety thousand dollars, and Snyder was thereupon to give plaintiff an optional contract for the purchase for one hundred and fifty thousand dollars; that plaintiff, without knowledge of said conspiracy, accepted the contract from Snyder at the suggestion of defendant, and paid thereon to Snyder twenty thousand dollars as a first payment (ten thousand dollars of which was divided between defendant, Snyder, and Mitchell), the balance to be paid, ninety thousand dollars on September 20, 1903, and forty thousand dollars on March 20, 1904. During the trial, the complaint was amended by adding an allegation that thereafter plaintiff paid on said contract to Snyder the sum of one hundred and ten thousand dollars in full payment and discharge of the same, making in all the sum of one hundred and thirty thousand dollars paid thereon, whereby there was lost to plaintiff and plaintiff was damaged by reason of said fraudulent agreement and conspiracy in the full sum of forty thousand dollars. This allegation was apparently deemed denied. The trial court found in accord with the allegations of the complaint as thus amended, in regard to the Afterthought transaction, as well as in regard to the other transactions alleged, and, plaintiff waiving all claims except the right

to recover forty thousand dollars, rendered judgment against defendant for that sum.

This being simply an appeal from the order denying the motion for a new trial, some of the points made by learned counsel for appellant in their briefs cannot be considered. Upon an appeal from an order denying a new trial, the appellate court is limited in its review of the action of the trial court to the grounds upon which such a motion may be based (Code Civ. Proc., sec. 657), and upon which the new trial was asked. It is well established that questions relating to the sufficiency of the complaint, rulings upon demurrers, and the sufficiency of the findings to support the judgment, cannot be considered on such an appeal. (*Swift* v. *Occidental M. Co.,* 141 Cal. 161, [74 Pac. 700]; *Holmes* v. *Warren,* 145 Cal. 457, [78 Pac. 934]; *Brownlee* v. *Reiner,* 147 Cal. 641, [82 Pac. 324]; *County Bank* v. *Jack,* 148 Cal. 438, [113 Am. St. Rep. 285, 83 Pac. 705]; *Wheeler* v. *Bolton,* 92 Cal. 167, [28 Pac. 558]; *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186].) The failure of the trial court to make a finding of fact upon a material issue renders the decision one against law, and error in overruling a motion for a new trial made on that ground may be reviewed on appeal from the order. (*Swift* v. *Occidental M. Co.,* 141 Cal. 161, [74 Pac. 700].) There is, however, nothing in the record to indicate that any such failure was a ground of the motion made in the lower court. The notice of intention to move for a new trial was not incorporated in the statement or bill of exceptions, and it was not essential that it should be, but it is essential to our right to review the action of a trial court on motion for new trial, that it should appear by the record that the ground for a new trial presented here was presented by the motion in the trial court. The record being otherwise silent upon the matter, this may be made to appear by proper specification of error in the statement or bill of exceptions (*Pico* v. *Cohn,* 78 Cal. 384, [20 Pac. 706]; *Williams* v. *Hawley,* 144 Cal. 99, [77 Pac. 762]); but manifestly the mere general specifications that the court erred in rendering judgment for plaintiff and against defendant are not sufficient to constitute such a showing. Upon the record before us, we cannot assume, for the purpose of reviewing the action of the trial court, that one of the grounds specified on the motion in the lower court was

that the decision was against law. Regardless of what we have said upon this point, however, it is not pointed out by counsel wherein the trial court failed to make a finding upon any material issue. The point in this connection appears to be that the judgment being only for forty thousand dollars, while the findings show not only the forty thousand dollars' damage arising from the Afterthought transaction, but also eleven thousand seven hundred dollars' damage arising from the other transactions specifically alleged, there is nothing by which the sum awarded can be made referable to any one or more of the particular transactions alleged. This clearly does not show a failure to find upon any issue of fact. Upon the record here, we are therefore limited to a consideration of the contention that the evidence was insufficient to support the material findings of fact, and the alleged errors of law committed by the trial court in ruling upon evidence. It is further clear that only those findings and alleged errors that are material to the Afterthought transaction need be considered here, for if the action of the trial court in regard to that matter was free from error, it is apparent that the judgment would have been the same as it is, even though the findings upon all the other matters had been in favor of defendant. (*Robinson* v. *Placerville etc. R. R. Co.*, 65 Cal. 266, [3 Pac. 878]; *White* v. *Douglass*, 71 Cal. 119, [11 Pac. 860].)

There is ample support in the pleadings and evidence for the findings in accord with the allegations of the original complaint as to the Afterthought transaction, and also for the findings in accord with the allegations of the amendment relative to the subsequent payment by plaintiff of the further sum of one hundred and ten thousand dollars in full payment of the amount due under the Snyder option, as reduced by stipulation of the parties. It is earnestly contended that the finding as to the damage resulting to plaintiff therefrom, which is as follows: "whereby there was lost to said plaintiff, and plaintiff was damaged by reason of said fraudulent agreement and conspiracy and acts upon the part of said defendant in the full sum of forty thousand dollars ($40,-000),'' is not sustained by the evidence. This finding appears to have been attacked by proper specification of insufficiency of evidence to support it. The contention in this behalf is based on the fact alleged to have been shown by the evidence

that all the money paid to Snyder by ·plaintiff on account of such transaction, except the twenty thousand dollars, paid at the time of the giving of the option,—viz.: one hundred and ten thousand dollars,—was paid after plaintiff had obtained full knowledge of the fraudulent conspiracy between defendant, Snyder, and Mitchell; and it is also claimed that, although plaintiff to obtain the property covered by the option paid forty thousand dollars more than it would have paid if it had not been for the wrongful and fraudulent acts of its agent, if any injury was caused plaintiff in the matter, it was caused solely by the payment voluntarily made by plaintiff with full knowledge of all the facts. We are unable to see how defendant can be heard to assert that this loss was not caused by his wrongful acts. By reason of his willful and fraudulent breach of trust, plaintiff had accepted an option to purchase for one hundred and fifty thousand dollars property which it desired to acquire and for which it was willing to pay, if necessary, as much as that sum, when, as a matter of fact, the purchase price to the defendant was only ninety thousand dollars, and plaintiff, but for the fraudulent acts of defendant in regard thereto, would have been given an option to acquire the property for a consideration of ninety thousand dollars.. If, by reason of such acts, it paid more than ninety thousand dollars for the property, it was necessarily damaged thereby to the extent of the difference between ninety thousand dollars and the sum actually paid. Admittedly, plaintiff, desiring to have the property, was not required to rescind upon discovery of the fraud. Nor was it required to resort to an action to compel a conveyance upon payment of ninety thousand dollars. Notwithstanding knowledge of the fraud on the part of plaintiff, the result of such action might be in some degree uncertain, and plaintiff was not required to take the chance of thus losing the opportunity of purchasing the property. It is not disputed that a party thus defrauded may upon discovery of the fraud complete his contract, and then maintain an action for the damages caused him thereby. Such damage in the case at bar, it appears very clear to us, was. the amount of the difference between the price which plaintiff was required to pay to complete the contract and acquire the property, and the sum for which defendant and his confederates actually acquired the option. (See *King* v. *West,* 43.

Cal. 628; *Colman* v. *Sarraille*, 142 Cal. 642, [76 Pac. 486].)
It does not assist defendant, in his contention that the evi-
dence is insufficient to sustain the finding of forty thousand
dollars damage, that plaintiff obtained a reduction of twenty
thousand dollars on the original price from Snyder, thereby
reducing the amount of damage from sixty thousand dollars
to forty thousand dollars. By the contrivance of defendant
and for the purpose of enabling him to profit at the expense
of his principal, the property which plaintiff desired to ac-
quire had been placed within the control of Snyder, and
plaintiff could not obtain the same without acceding to the
demands of Snyder under the option given, except by resort-
ing to an action against him to compel a conveyance, which
might well turn out to be impracticable or without efficacy.
This chance of losing the property it was not required to
take. It had the clear right to pay Snyder the full amount
of the one hundred and thirty thousand dollars that remained
due on the option, and then maintain an action against the
defendant for the sixty thousand dollars' loss which would
thus have been caused, and the only effect of obtaining from
Snyder a reduction of twenty thousand dollars on the amount
to be paid to obtain the property, so far as the amount of
damage caused by defendant's acts was concerned, was to
reduce the amount of damage by twenty thousand dollars to
defendant's benefit. It still remained that plaintiff was dam-
aged by the acts of defendant in the sum of forty thousand
dollars.

It is urged that the acceptance by plaintiff of the proposi-
tion of Snyder to accept twenty thousand dollars less than
the amount originally named as the purchase price in the
option, and the payment by it to Snyder of the one hundred
and ten thousand dollars thereunder, had the effect to release
the defendant from all liability for damages "upon the prin-
ciples governing accord and satisfaction," and that in any
event defendant was released from all claim of damage by
what is said to have been a release of Snyder, a joint tort-
feasor. It is not necessary to discuss on its merits either of
these points, for it is clear that neither is available to defend-
ant on this appeal. So far as the facts upon which defendant
relies in this behalf are shown by the complaint as amended
and the findings of the trial court, it is only necessary to

again state that the question of the sufficiency of the complaint and findings to support the judgment cannot be considered on an appeal from an order denying a new trial. Neither the defense of accord and satisfaction nor that of release, both of which are affirmative defenses, was pleaded by defendant in the lower court, and there is no finding of fact relative to the matter, other than the finding in accord with the allegations of the amendment to the complaint which we have already set forth. Except as to the damage thereby found to have been suffered by plaintiff by reason of defendant's acts, this finding was not attacked by any specification of insufficiency of evidence to sustain it, and the evidence shows it to be in accord with the undisputed evidence given on the trial.

Only three alleged errors in rulings on evidence are pointed out in appellant's briefs. The first two rulings claimed to be erroneous could not by any possibility have affected the result as far as the Afterthought transaction was concerned, and it is unnecessary to determine whether they were technically wrong. The third ruling was one excluding certain documentary evidence offered by defendant. The evidence so offered was clearly immaterial and irrelevant to any issue in the case, and the ruling of the lower court was correct.

The order denying a new trial is affirmed.

Shaw, J., McFarland, J., Lorigan, J., Henshaw, J., Sloss, J., and Beatty, C. J., concurred.