[Sac. No. 1444. In Bank.—March 20, 1909.]

## GREAT WESTERN GOLD COMPANY, Respondent, v. JAMES J. CHAMBERS, Appellant.

DECEIT AND FRAUD—PLEADING—FRAUDULENT REPRESENTATIONS BY AGENT —PURCHASE BY PRINCIPAL AT ENHANCED PRICE.—A complaint sufficiently states a cause of action for deceit and fraud which alleges, in effect, that the plaintiff employed the defendant, as its agent, to buy a certain mine for the plaintiff, at a price not exceeding a stated amount; that the defendant actually bought it for sixty thousand dollars less, concealed that fact from the plaintiff, fraudulently caused it to be conveyed to a confederate, and by representing that he had bought it at the price limited, induced the plaintiff to execute a contract with the confederate agreeing to buy it at that price, which was afterwards carried out with certain reductions, as the result of which the plaintiff paid forty thousand dollars more for the property than the actual price at which the defendant had purchased it for the plaintiff's account.

ID.—JUDGMENT—FINDINGS—IMMATERIAL ALLEGATIONS AND FINDINGS AS TO OTHER TRANSACTIONS.—A judgment for the plaintiff in the sum of forty thousand dollars, based upon such a complaint and findings in conformity therewith, will not be disturbed on appeal by the defendant, notwithstanding there were other allegations and findings with respect to other transactions which may have entitled the plaintiff to a heavier judgment, which it waived. For the purpose of sustaining the judgment as rendered, such other allegations and findings will be treated as surplusage. Nor was the failure to find on allegations respecting other transactions material.

ID.—FRAUD OF AGENT—LIABILITY NOT DEPENDENT UPON RECEIPT OF BENEFIT.—In such an action, it is immaterial whether or not the defendant individually obtained all of the forty thousand dollars of which the plaintiff was defrauded. Nor did the voluntary payment of the balance of the purchase price by the plaintiff, after it had entered into and partly executed the contract to buy the property, constitute a defense available to the defendant.

APPEAL from a judgment of the Superior Court of Shasta County. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

Charles A. Garter, and Milton S. Hamilton, for Appellant.

Rickel, Crocker & Tourtellot, Sweeney & Tillotson, and George O. Perry, for Respondent.

SHAW, J.—This is an appeal from a judgment in favor of plaintiff against the defendant for the recovery of the sum of forty thousand dollars.

There was also an appeal from an order denying defendant's motion for a new trial, which was disposed of by the affirmance of the order in an opinion of this court in Bank, filed April 1, 1908, (153 Cal. 307, [95 Pac. 151].) The present appeal from the judgment was then pending and was, as counsel apparently then supposed, submitted with the appeal from the order. The printed transcript contained no copy of the notice of the appeal from the judgment, nor anything to show that such an appeal had been taken. This defect had been corrected by an order of the district court of appeal of the third district, made while the case was pending in that court, but when the case was transferred to this court after the decision of the district court, neither that order, nor any copy of it, or of the notice, was forwarded with the record to this court. In disposing of the case upon the former submission, the printed record alone was before us and, believing the appeal from the order denying the motion for a new trial to be the only appeal then pending, we refused to consider points which could arise only upon the appeal from the judgment. The latter appeal was, consequently, left undecided by the former opinion. At the solicitation of counsel the case was again placed on the calendar for argument upon the questions presented by the appeal from the judgment.

Treating the case as an action to recover specific sums of money belonging to the plaintiff, converted by defendant to his own use, or due from defendant to plaintiff in matters connected with the agency, or for damages caused by the fraudulent conduct and deceit of the defendant, and not for a general accounting of defendant's transactions as plaintiff's agent, it is apparent that the complaint states, or attempts to state, several causes of action, arising out of different transactions. The defendant claims that it must be so treated and upon that theory he asserts that there is a misjoinder of causes of action and that, as to some of the separate causes stated, there is no sufficient statement of facts.

It is not necessary to consider the question of misjoinder at all, or to consider the sufficiency of the statements of fact in the different causes of action, except the one declaring upon

the cause of action arising upon the purchase by defendant, as agent for and on behalf of plaintiff, of the property known as the "Afterthought mine." The facts alleged in the complaint, so far as they relate to this cause of action, are clearly sufficient. In that behalf it may be remarked that we will consider all the introductory allegations of the complaint as applying to this particular cause of action, so far as they may be necessary. The findings in respect to this cause of action are, in effect, that all the allegations of the complaint relating thereto are true. The facts alleged and found, briefly stated, were that the plaintiff employed defendant, as its agent, to buy said mine for plaintiff, at a price not exceeding one hundred and fifty thousand dollars; that defendant actually bought it for ninety thousand dollars, concealed that fact from the plaintiff, fraudulently caused it to be conveyed to a confederate, and, by representing that he had bought it at the price of one hundred and fifty thousand dollars, induced plaintiff to execute a contract with the confederate agreeing to buy the mine at that price, twenty thousand dollars to be paid in cash, ninety thousand dollars in one year, and forty thousand dollars in eighteen months; that plaintiff paid the cash payment of twenty thousand dollars, and, after obtaining a reduction of the remainder to one hundred and ten thousand dollars, paid that sum also, thus, by reason of defendant's fraud, paying forty thousand dollars more than the actual price of ninety thousand dollars for which the defendant had purchased the mine for plaintiff's account, the price for which, if defendant had been honest, the plaintiff would have procured the property; and that plaintiff was thereby damaged in the sum of forty thousand dollars. There are other details alleged and found which it is unnecessary to state.

These facts sufficiently make out a case of damages for deceit and fraud, and they entitle plaintiff to the judgment for forty thousand dollars which the court gave. There are other allegations and findings which perhaps may have entitled plaintiff to a heavier judgment, but it expressly waived any claim for any greater amount. All the allegations and findings as to the other demands may therefore be considered as surplusage, and the judgment is sufficiently supported by the averments and findings on this transaction alone. The

fact that it does not appear that the defendant, himself, obtained all of the forty thousand dollars of which plaintiff was defrauded, is wholly immaterial. The plaintiff, by defendant's fraudulent misconduct as its agent, was made to pay forty thousand dollars more than it would have paid for the property if the defendant had acted fairly. This was a damage occasioned by the defendant's fraud, and it is of no consequence, so far as plaintiff's right of action is concerned, whether the defendant, or his confederate, got the money. Nor did the voluntary payment of the balance of the price by the plaintiff, after it had entered into and partly executed the contract to buy the property, constitute a defense available to the defendant. These questions are fully considered and disposed of in the opinion rendered on the appeal from the order. It is proper to state that there is nothing in the findings to show that the reduction of the price named in the contract was made as a compromise or settlement of the cause of action for the fraud here complained of. The point that the court did not find upon all the allegations of the complaint is immaterial, in view of the findings embracing all the facts necessary to constitute the particular cause of action concerning the Afterthought mine. Whether the waiver by the plaintiff of the recovery of any sum exceeding forty thousand dollars is to be treated as a withdrawal or abandonment of the other claims set forth in the complaint or not, it is clear that it caused no injury to the defendant, inasmuch as the remaining cause of action is sufficient as a foundation for the judgment given by the court.

The judgment is affirmed.

Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.