[S. F. No. 4341. Department One.—October 7, 1907.]

## MARY A. HAWLEY, Respondent, v. SARAH B. HAR-RINGTON, Appellant.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE.—Under the provisions of subdivision 1 of section 939 of the Code of Civil Procedure, on an appeal from a judgment taken more than sixty days after it was rendered, the sufficiency of the evidence to support it cannot be reviewed.

ID.—NEW TRIAL—BILL OF EXCEPTIONS—SPECIFICATIONS OF PARTICU-LARS.—Under section 648 of the Code of Civil Procedure, on an appeal from an order denying a new trial based on a bill of excep-tions purporting to contain the evidence, the sufficiency of the evidence to support the decision cannot be reviewed when the bill of exceptions contains no specifications of the particulars in which the evidence is alleged to be insufficient.

FRAUDULENT CONVEYANCE—WANT OF CONSIDERATION—AMENDMENT TO SECTION 3442 OF CIVIL CODE.—Under section 3442 of the Civil Code, as it existed prior to the amendment of 1895, a conveyance of part of the grantor's property, made in the year 1885 in consideration of love and affection, could not be declared void as to the existing creditors of the grantor solely on the ground that it was not made for a valuable consideration, and could not be rendered void by that amendment.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

George Reed, R. M. Brown, and Z. W. Simpson, for Appellant.

Olney & Olney, for Respondent.

SHAW, J.—This is an action to quiet title. The complaint is in the customary form. The answer alleges that the defendant is the owner of the property in fee simple by virtue of a sheriff's sale and deed made and executed in pursuance of an execution and judgment against one J. C. Hawley, the grantor of plaintiff. The court gave its findings and judgment in favor of the plaintiff. The defendant appeals from the judgment and from an order denying her motion for a new trial.

It is claimed that the evidence is insufficient to justify the decision. The sufficiency of the evidence to support the decision cannot be reviewed on the record before us. The judgment was rendered on September 21, 1904. The appeal from the judgment was taken on January 21, 1905. This being more than sixty days after the rendition of the judgment, the provisions of subdivision 1 of section 939 of the Code of Civil Procedure prevent any review of the evidence upon that appeal to ascertain whether or not it supports the judgment. The appeal from the order denying a new trial is based on a bill of exceptions purporting to contain the evidence. Section 648 of the Code of Civil Procedure provides that "when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." The bill of exceptions contains no specification of particulars, nor any specifications at all. Hence the evidence cannot be reviewed on appeal from the order.

The findings show that J. C. Hawley, against whom the judgment was rendered under which the defendant claims, conveyed the land to the plaintiff some seventeen years before the judgment against him was rendered, and that, although the conveyance was without consideration other than love and affection, it was made without intent to hinder, delay or defraud creditors and that it did not include all of the grantor's property. It therefore follows that it was not void, as claimed by appellant. Section 3442 of the Civil Code, prior to 1895, provided that such a transfer could not be declared void solely on the ground that it was not made for a valuable consideration. Not being void as to existing creditors in 1885, when it was executed, it could not be

rendered void by the amendment to that section enacted ten years afterward.

We have taken the trouble to read the evidence contained in the bill of exceptions, although not reviewable here, and we think it fully justifies the findings in favor of the plaintiff.

The appeal appears to have been taken without any reasonable foundation and the appellant should pay damages.

The judgment and order are affirmed and the court below will give judgment in favor of respondent against the appellant for costs of appeal and damages in the sum of one hundred dollars.

Sloss, J., and Angellotti, J., concurred.