[Civ. No. 2085.   Second Appellate District.—February 6, 1918.]

W. C. SMITH, Appellant, v. A. J. MEADE, Respondent.

APPEAL—INSUFFICIENCY OF EVIDENCE—REVIEW—SPECIFICATIONS.—On an appeal from a judgment presented on the judgment-roll and a brief bill of exceptions, the insufficiency of the evidence to sustain the findings cannot be considered, where the bill of exceptions contains no assignment of error, either in general or particular terms.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke, for Appellant.

Avery & French, for Respondent.

JAMES, J.—This appeal is one taken from a judgment entered in favor of the defendant. It is presented on the judgment-roll and a brief bill of exceptions. The action was upon a promissory note executed by a corporation of which the defendant was treasurer, the payment of which note was guaranteed in writing by the defendant. Recovery was sought against the defendant by reason of his contract of guaranty. In the complaint it was alleged that subsequent to the maturity of the promissory note referred to a note and draft were received by plaintiff's assignor, the payee

of the first note, which last note and the draft, it is alleged in the complaint, "were forwarded to plaintiff's assignor to satisfy and liquidate the note sued upon herein." A further allegation followed showing that attempts had been made to collect the second note and draft, which attempts were unsuccessful; and it was alleged that the second note and draft were valueless and that the corporation maker was insolvent. The answer admitted all of the facts alleged, except it contained a denial of nonpayment of the note sued upon, and alleged affirmatively that the same had been wholly paid and satisfied. The court made its findings sustaining the defense of payment. The findings were sufficient in form and substance to support the judgment which followed. The bill of exceptions contains a copy of an affidavit made by a representative of the payee corporation. It appears to have been stipulated that this affidavit might be used as evidence in the case. The affidavit contains a narrative of the transactions had regarding the making of the several instruments referred to. There appears to have been no other evidence offered on behalf of either party at the trial. As the findings of fact made by the court were sufficient to support the judgment, no further point is presented which can be determined by an examination of the judgment-roll.

The chief contention of appellant refers to the matter of the insufficiency of the evidence to sustain the findings. The bill of exceptions contains no assignment of error, either in general or particular terms. Upon this state of the record, counsel for respondent insist that no point as to the sufficiency of the evidence to sustain the decision can be here considered, and with this contention we must agree. Section 648 of the Code of Civil Procedure provides that "when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient. . . ." In *Swift* v. *Occidental Min. etc. Co.*, 141 Cal. 161, [74 Pac. 700], it is said: "The substance of all these decisions is, that the object of the rule requiring these specifications is first to shorten the statement of the evidence by excluding everything irrelevant to the specified fact; and, second, to notify the opposing party of the particular finding called in question, in order that he may see that the statement fairly and fully presents the evidence bearing upon that

particular matter." It has been repeatedly held that in the absence of any specification pointing out wherein the evidence is insufficient to sustain the decision, no review can be had on appeal of that particular matter. (*Hawley* v. *Harrington*, 152 Cal. 188, [92 Pac. 177]; *Meek* v. *Southern California Ry. Co.*, 7 Cal. App. 606, [95 Pac. 166]; *Millar* v. *Millar*, 175 Cal. 797, [L. R. A. 1918B, 415, 167 Pac. 394].)

For lack of error shown by the record it follows that the judgment should be affirmed.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 8, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 4, 1918.