[No. 14377. Department One. April 29, 1918.]

## O. A. MILLER, *Respondent*, v. W. I. REEVES *et al.*, *Appellants.*[1]

APPEAL—REVIEW—FINDINGS. . Where the facts in an action tried to the court rest entirely upon oral evidence of witnesses testifying before the court, great weight is given the conclusions of the trial judge, and the findings will not be disturbed unless the evidence clearly preponderates against them.

ANIMALS—VICIOUS ANIMALS—HARBORING—INJURY TO PERSONS—LIABILITY. A person harboring a vicious dog, knowing its vicious propensities, is liable in damages for injuries it may cause, although not its owner.

SAME—LIABILITY OF KEEPER. A person keeping a dog at his premises and undertaking to control its actions is the owner or keeper within the law making him liable for injuries caused by it.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered January 2, 1917, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*Cooley, Horan & Mulvihill* and *Geo. M. Mitchell,* for appellants.

*Livermore & Hanson,* for respondent.

FULLERTON, J.—The respondent, when going onto the premises of the appellants on a business errand,

'Reported in 172 Pac. 815.

was bitten by a dog. For the injuries suffered, he brought this action in damages. The cause was tried by the court sitting without a jury, and resulted in a judgment against the appellants in the sum of $1,000. This is an appeal from the judgment entered.

The evidence upon the part of the respondent tended to show that the dog was a stray, coming voluntarily upon the premises of the appellants, where it was harbored and cared for by them. It was in evidence that the appellants at times kept the dog tied on the premises, a part of the time in the woodshed, and at other times in the yard; that, at one time, it left the premises, when one of appellants (Mrs. Reeves) went after it and brought it back; that, at another time, Mrs. Reeves desired to leave the home for a short time, when the dog was given in charge of an employee of the appellants to be cared for until her return. The vicious propensity of the dog was also shown, and evidence introduced tending to show knowledge on the part of the appellants of such vicious propensity. Indeed, the respondent testified that, when he reached the porch of the residence, he was heard by Mrs. Reeves, who came hurriedly down the stairway, calling to him to "look out for the dog."

On the other side, much or all of this was denied by the appellants and their witnesses. The appellants testified further that they never did harbor the dog; that they had repeatedly tried to drive it away; that they had complained to the town marshal of his presence on their premises, and had sought to have it removed by that officer; that they never fed the dog, and that the only time it was tied up by them was after it had bitten the respondent, and that it was then tied so that it could be found by the marshal, who had been sent for to remove and kill it.

The appellants' principal contention is that the evi-

dence is insufficient to justify the judgment. It is not disputed that there was evidence sufficient to make a case for a jury, and that, had the cause been tried by a jury, a verdict in favor of the respondent would have been conclusive upon the court. But it is argued that, since this court tries the case *de novo* and must review the evidence, it cannot be justly found upon such a review that the evidence preponderates in favor of the respondent. Looking at the evidence from the type-written record, it must be confessed that this argument is somewhat persuasive. Certain it is that we would not reverse the court's conclusion had it been for the other side. But where a case rests for its facts entirely upon the oral evidence of witnesses testifying before the court, great weight is always given to the conclusions of the trial judge. He has a distinct advantage in determining the truth, which this court has not. He can observe the manner and demeanor of the witnesses when testifying, which the reviewing court cannot do, and testimony appearing evenly balanced when viewed from the record may not appear so when heard from the mouths of the witnesses themselves. For this reason, this court has adopted the rule in such cases that it will not disturb the findings of the trial judge unless it is made to appear clearly that the evidence preponderates against its conclusions. Here we cannot say it does so and, following the rule, must affirm the findings.

That a person harboring a vicious animal, knowing of its vicious propensities, although not its owner, is liable in damages for the injuries it may cause another, is well settled by the authorities. In the English case of *McKane v. Wood,* 5 C. & P. 1, it is said:

"The harboring a dog about one's premises, or allowing him to resort there, is a sufficient keeping of the dog to support this form of action."

In 3 Corpus Juris, 106, the rule is laid down in this language:

"A man may own an animal and yet not be its keeper.   The word 'keeper' is equivalent to 'the person who harbors.'   Harboring means protecting, and one who treats a dog as living at his house, and undertakes to control his actions, is the owner or keeper within the meaning of the law."

For a collection of the American cases on the question see *Wood v. Campbell*, Ann. Cas. 1914B 606, and the note thereto.

The judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.