[No. 15257.  Department One.  May 31, 1919.]

OREGON-WASHINGTON LUMBER & MANUFACTURING
COMPANY, *Plaintiff,* v. BAY CITY LUMBER
COMPANY, *Defendant.*[1]

APPEAL (418) — REVIEW — FINDINGS.  Findings upon conflicting
testimony given mostly in person will not be disturbed on appeal
where the evidence does not clearly preponderate against them.

Cross-appeals from a judgment of the superior court
for Grays Harbor county, Sheeks, J., entered June 22,
1918, upon findings in favor of the plaintiff, in an ac-
tion on contract, tried to the court.  Affirmed.

*W. H. Abel,* for plaintiff.

*John C. Hogan,* for defendant.

TOLMAN, J.—Both parties have appealed from the
judgment below, and they will be referred to herein as
plaintiff and defendant.  The plaintiff, a wholesale
dealer in lumber, brought this action, alleging that, in
January, 1916, it entered into a written contract with
the defendant by which the defendant agreed to sell,
and the plaintiff agreed to buy, 200,000 feet of select
and better tent stock, worked to pattern, of certain
specified sizes and dimensions, at $25 per thousand,
"Terms: 90 per cent advance on net invoice with bill
of lading; final settlement on receipt of consignee's
report and expense bill, less usual 2% discount.  Rate
55c less 5% on the net to us.  Prices f. o. b. 55c rate."
It was further provided in the order: "You may com-
mence shipping any time within the next two or three
weeks, and let a car go forward at the rate of one every
two weeks or every week."  It is further alleged, that

[1]Reported in 181 Pac. 687.

shortly thereafter the defendant shipped two car loads of the lumber under and in accordance with the terms of the contract, aggregating 54,180 feet and no more, all of which was duly paid for, but that the defendant has ever since failed and refused to ship the remaining 145,820 feet called for by the contract; that the value of such lumber had increased from $25 per thousand at the time of the execution of the contract, to $40 per thousand at the time of the breach, and plaintiff had been damaged to the extent of $15 per thousand by the failure to deliver; and the prayer of the complaint is for judgment for the aggregate of such damages, with interest.

The answer admitted only the corporate existence of the parties; denied that the contract was one of purchase and sale; and alleged that plaintiff is and was a lumber broker and sale's agent for lumber, and for a long time before the making of this contract had been employed to a greater or less extent by the defendant as a sale's agent, selling its output upon a commission of five per cent; that plaintiff represented, at and before the making of this contract, that it had sold the lumber described in the contract to a customer in St. Louis at the prices named in the contract, and that its only profit upon the transaction was to be a five per cent commission on the net amount realized; whereas, in fact, the plaintiff had not sold such lumber, or any part thereof; and that, after two cars had been shipped, the plaintiff was wholly unable to handle the remainder of said lumber, directed shipments to be withheld, and thereafter failed and refused to give any shipping instructions; that defendant was, and for a long time remained, ready, able and willing to ship the remainder of the lumber, but finally, because of the misrepresentations as to the sale, which it then discovered, and the failure to give shipping instructions,

defendant elected to, and did, abrogate and terminate
the contract.   Counterclaims were also pleaded, the
first, to the effect, that as such selling agent, the plain-
tiff had wrongfully increased the price to the con-
sumer of four car loads of lumber manufactured by de-
fendant and shipped through plaintiff under this or
similar orders, thereby obtaining a secret profit of
$238.28 in excess of the purchase price as reported to
defendant, which it wrongfully retained; and the sec-
ond, to the effect that, by the same course of dealing,
with an allied concern known as the Anderson & Mid-
dleton Lumber Company, plaintiff had secured and
wrongfully retained $1,689.82 belonging to that com-
pany, whose claim therefor had been duly assigned to
the defendant.   All of the affirmative matter in the an-
swer and counterclaims was denied by the reply.

The case was tried to the court without a jury, re-
sulting in findings to the effect that the transaction
set out in the complaint was one of purchase and sale;
that the relation of principal and agent did not at any
time exist between the defendant or its assignor and
the plaintiff; that defendant had breached the con-
tract which is described in the complaint, and that
plaintiff was damaged by such breach in the sum of
seventy cents per thousand upon 145,820 feet of lum-
ber not delivered, or a total of $92.70, for which sum
judgment was entered.

By appeal and cross-appeal, each party is present-
ing here the claims which it presented in the trial court.
But the issues are issues of fact only.   Thus we have
been called upon to make a careful study of the evi-
dence in the case, and after having done so, we can-
not say from the cold record, which alone is before us,
that the findings of the trial court are not sustainable
under the familiar rule which we have so long followed
and so often announced. *Miller v. Reeves,* 101 Wash.

642, 172 Pac. 815. While some of the testimony in this case was by deposition, the major part of it, and that which was most vital and controlling, was given by witnesses who testified in person upon the trial below. The testimony on behalf of each party followed closely the lines of their respective pleadings; and since to attempt to set out and analyze the whole would be impossible within the confines of an ordinary opinion, and as anything less than the whole might be unfair, we must content ourselves by saying that it does not clearly appear that the evidence preponderates against the findings of the trial court and therefore the judgment appealed from must be affirmed. Neither party will recover costs in this court.

MAIN, FULLERTON, MITCHELL, and MACKINTOSH, JJ., concur.