[S. F. No. 9004. In Bank.—June 25, 1920.]

GEORGE J. MARTIN, Respondent, v. ERNEST H. HILDEBRAND et al., Appellants.

[1] APPEAL—JUDGMENT—INSUFFICIENCY OF EVIDENCE—RECORD.—The question of sufficiency of the evidence to sustain the findings cannot be considered on an appeal from a judgment which is supported by a bill of exceptions which contains no specifications of the particulars wherein the evidence is insufficient.

[2] MORTGAGE — OFFER OF AMOUNT OF DEBT — DEMAND FOR ASSIGNMENT—LIEN NOT EXTINGUISHED.—An offer of the amount of a mortgage debt, coupled with a demand for an assignment of the note and mortgage, is not an offer to pay or discharge the debt and does not operate either to extinguish the obligation or to terminate the lien.

[3] ID.—EXPENSES INCURRED IN EFFORT TO OBTAIN ASSIGNMENT—NON-LIABILITY OF MORTGAGORS — CONSTRUCTION OF MORTGAGE. — A pro-

vision in a mortgage that the mortgagors should pay all moneys expended by the mortgagee for the prosecution or defense of any action in regard to the property, does not require them to pay sums expended by a would-be purchaser of the mortgage in the effort to obtain an assignment thereof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John T. Nourse, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Paul A. McCarthy, R. W. Gillogley and Walter Christie for Appellants.

John H. Crabbe for Respondent.

SHAW, J.—The defendants appeal from the judgment.

The plaintiff's complaint states a cause of action in favor of the plaintiff for the foreclosure of a mortgage on certain land executed by the defendants Hildebrand and Lettich to the Humboldt Savings Bank to secure the payment of a note of three thousand dollars dated December 26, 1912, due December 26, 1914, and bearing interest at six per cent per annum payable monthly in advance and compounded monthly if not paid when due. The mortgage was assigned to the plaintiff by an instrument dated February 5, 1916, which was delivered to the plaintiff on July 27, 1916.

The defendant's answer alleged that on August 9, 1916, the defendants Hildebrand and Lettich offered to the plaintiff the sum of $3,146.60 and demanded of plaintiff the return and cancellation of said note and mortgage and a satisfaction thereof, which offer the plaintiff refused, and that defendants have ever since been ready, willing, and able to pay said sum of money in discharge of said note and mortgage.

The court found "that on August 9, 1916, the defendants, Hildebrand and Lettich, offered to plaintiff in gold coin, the sum of $3,146.50, and demanded from plaintiff an assignment of said note and mortgage"; that said defendants did not then state whether the offer was on their own behalf as junior mortgagees, or as owners, or as agents for the owner of the real property, and that the plaintiff rejected

said offer because it was insufficient in manner and in the amount offered.

A motion for a new trial was made on the general ground of the "insufficiency of the evidence to justify the decision." The appeal is supported by a bill of exceptions which contains no specifications of the particulars wherein the evidence is insufficient. [1] Consequently "the question of sufficiency of the evidence to sustain the findings cannot be considered." (*Millar* v. *Millar,* 175 Cal. 799, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394]; *Hawley* v. *Harrington,* 152 Cal. 188, [92 Pac. 177]; *Carter* v. *Canty,* 181 Cal. 749, [186 Pac. 347].) The defense that the mortgage lien was extinguished by a tender of payment must therefore be considered upon the findings alone.

According to the findings, the offer made by the defendants to the plaintiff on August 9th was not an offer to pay or discharge the mortgage debt, but was, in effect, an offer of the money, coupled with a demand for an assignment of the mortgage to the defendants. [2] It was an offer to purchase the note and mortgage, not an offer to pay or discharge the mortgage debt. Such an offer does not operate either to extinguish the obligation for the debt or to terminate the lien of the mortgage. The court did not err in giving judgment for the amount due on the mortgage with interest, including the reasonable fee for plaintiff's attorney in foreclosing the mortgage, and costs.

In addition to these items, the court allowed to the plaintiff and included in the judgment, sums amounting to $159.50, on account of expenditures made by the plaintiff before the assignment to him of the said mortgage as the costs and expenses of certain litigation arising out of an action by Martin against the defendants to quiet the title to the same tract of land. In that case an order was made requiring the Humboldt Savings Bank to assign the note and mortgage to the plaintiff; and the defendants sought to annul the order by a proceeding in *certiorari* in the supreme court, in which they were unsuccessful. (*Hildebrand* v. *Superior Court,* 173 Cal. 86, [159 Pac. 147].) The $159.50 above mentioned was for costs and attorney's fees incurred by the plaintiff in making his defense thereto. We are of the opinion that they were not properly chargeable as costs in this foreclosure proceeding. They were not incurred on behalf

of the holder of the mortgage, or for its benefit, nor to protect the mortgaged property, but solely for the purpose of carrying out the desire of the plaintiff to obtain an assignment of the mortgage to himself.   The mortgage provided that the mortgagors should pay all moneys expended by the mortgagee "for the prosecution or defense of any action in regard to said property."   [3]   But this did not require them to pay sums expended by a would-be purchaser of the mortgage in the effort to obtain an assignment thereof.   It follows therefore that the judgment is excessive in the amount of $159.50 and is to that extent erroneous.   It will be unnecessary to reverse the judgment for this error.   The proper result can be reached by a modification thereof deducting that sum from the amount of the judgment and affirming it as so modified.

It is ordered by the court that the judgment appealed from be modified by deducting from the amount thereof the sum of $159.50 and that as so modified said judgment be affirmed.

Olney, J., Wilbur, J., Lawlor, J., Lennon, J., Sloane, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., Lennon, J., and Sloane, J., who were absent.