[L. A. No. 5970.  In Bank.—March 17, 1921.]

## GEORGE E. MILLS, Respondent, v. EMILY E. BRADY et al., Appellants.

[1] CORPORATIONS—RECOVERY OF UNPAID STOCK SUBSCRIPTIONS—ACTION BY JUDGMENT CREDITOR OF CORPORATION—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint which avers in substance that the plaintiff is a judgment creditor of a corporation and has been unable to collect his judgment against it, and that defendants are subscribers to and holders of stock in the corporation which is but partially paid up stock, states a good cause of action for a judgment against each defendant for enough of the amount unpaid upon his stock to satisfy the plaintiff's judgment against the corporation.

[2] ID.—HOLDERS OF PARTIALLY PAID-UP STOCK—LIABILITY FOR UNPAID BALANCE.—Holders of partially paid-up corporation stock are responsible to the corporation upon call and to the creditors of the corporation for the unpaid balance of the par value of their stock.

[3] APPEAL—BILL OF EXCEPTIONS—INSUFFICIENCY OF EVIDENCE—SPECIFICATION OF PARTICULARS.—Where the record on appeal is presented in the form of a bill of exceptions and it is sought to review the sufficiency of the evidence, the bill must specify the particulars in which the evidence is insufficient.

[4] ID.—SPECIAL FINDINGS — GENERAL SPECIFICATION INSUFFICIENT.— Where there are specific findings the code has been construed to require no more than a specification of the particular finding or findings which it is claimed are not supported, but this at least must be done, and a general specification that the evidence does not support the findings is not a compliance with the code requirement that the particulars wherein it does not support them must be stated, and is wholly insufficient.

[5] ID.—REVIEW OF ORDER DENYING NEW TRIAL — EFFECT OF CODE AMENDMENTS OF 1915—NECESSITY OF BILL OF EXCEPTIONS.—While under the amendment of 1915 of the code provisions governing proceedings for a new trial, a motion for a new trial must be made on the minutes of the court and no bill of exceptions is necessary or can be used for the purposes of the motion in the lower court, yet where the motion is denied, and it is sought to review the order denying it on the appeal, and the record is not brought up in the manner prescribed by section 953a of the Code of Civil Procedure, it can only be brought up by a bill of exceptions prepared and settled after the order denying the motion is made in conformity with the practice which has always prevailed in connection with motions for a new trial made upon the minutes.

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Whitaker, Davis, Kemp & Post and Kemp & Clewett for Appellants.

Heney & Carr, George E. Mills, Frank F. Oster, George J. Stoneman and Alfred H. McAdoo for Respondent.

Pillsbury, Madison & Sutro, *Amici Curiae.*

OLNEY, J.—Two actions were brought, one by a plaintiff named Mills, and the other by a plaintiff named Bergman, against a number of persons as defendants. The two actions were consolidated and tried together, and judgment was given in favor of each plaintiff. The defendants appeal. The two actions are identical as to all matters pertinent to our discussion, and we may treat them as a single action.

The complaint alleges that the plaintiff is a judgment creditor of the El Dorado Oil Company, a corporation, and has been unable to collect his judgment on execution, that the defendants respectively were the subscribers, owners, and holders of shares in the company in certain specified amounts, that there had been paid in on the shares of the defendants only fifteen per cent of their par value, and the defendants had agreed with the corporation when they acquired their stock to pay the balance of its par value when legally called on so to do. Upon these facts the complaint asks judgment against each defendant for enough of the amount unpaid upon his stock to satisfy the plaintiff's judgment against the company.

The answer of the defendants admits the existence of the plaintiff's judgment, and that the defendants were subscribers, owners, and holders of stock, as alleged in the complaint, but denies that their stock was but partially paid stock or that they had agreed to pay in anything more upon it. It also sets up as a separate defense that their stock was issued in consideration for property transferred to the corporation, which was believed to be of a value equal to the par value of the stock, and that the plaintiff, or rather his assignor,

for the plaintiff held his judgment by assignment, had been aware of the fact just mentioned when he became a creditor of the company. It will be noted, however, that this so-called separate defense is but the affirmative averment of facts showing the defendants' stock to be fully paid stock, so that it is really but a denial in another form of the averment of the complaint that the stock was but partially paid.

Upon the issues so made the parties went to trial and, except for immaterial variances, the court found in substance that the averments of the complaint were true and the denials and averments of the answer were not, and, as we have said, gave judgment for the plaintiff.

[1] Now, it is evident that the complaint states a good cause of action. It avers in substance that the plaintiff is a creditor of the company and has been unable to collect his judgment against it, and that the defendants are subscribers to and holders of stock in the company which is but partially paid-up stock. [2] That the holders of stock of this character are responsible to the corporation upon call, and to creditors of the corporation, for the unpaid balance of the par value of their stock is not open to question. (*Geary etc. Co.* v. *Bradbury etc. Co.*, 179 Cal. 46, [175 Pac. 457]; *Rhode* v. *Dock-Hop Co.*, 184 Cal. 367, [12 A. L. R. 437, 194 Pac. 11].) It is likewise evident that since the findings conform to the averments of the complaint, the judgment against the defendants is supported by both the pleadings and the findings. That this is true is in fact not controverted. The attack made upon the judgment is that it was not justified upon the evidence in the case. It is said that there is no conflict in the evidence and that upon the facts, as shown by it, judgment should have gone for the defendants. This may or may not be true, but it is a question which is not open to us for examination upon the record before us.

The judgment is based on the findings and not on the evidence, and the contention that the judgment is not supported by the evidence is at best nothing else than a contention that the findings are not supported by the evidence. [3] But in the present case, the record of the proceedings at the trial and upon motion for a new trial is presented in the form of a bill of exceptions, and it is the rule of the code (Code Civ. Proc., sec. 648), enforced by numer-

ous decisions, that where the record is presented on appeal in this form, and it is sought to review the sufficiency of the evidence, the bill must specify the particulars in which the evidence is insufficient. This was not done. The only pertinent specifications are the general ones that the evidence is insufficient to support the judgment and the judgment is contrary to it, and that it "is insufficient to justify the findings" and "the findings of the court are contrary to the evidence." **[4]** Where, as here, there are specific findings, the code has been construed to require no more than a specification of the particular finding or findings which it is claimed are not supported, but this at least must be done, and a general specification that the evidence does not support "the findings" is not a compliance with the code requirement that the particulars wherein it does not support them must be stated, and is wholly insufficient. (*Swift* v. *Occidental Min. Co.,* 141 Cal. 161, [74 Pac. 700]; *Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774]; *Harris* v. *Duarte,* 141 Cal. 497, [70 Pac. 298, 75 Pac. 58]; *Millar* v. *Millar,* 175 Cal. 797, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394].)

The reply of the appellants to the point so made against them is that a specification of particulars was not necessary, since a motion for new trial was made and denied, the order denying it, as well as the judgment itself, is under review on the appeal from the judgment, and the motion for a new trial was made upon the minutes of the court, as must now be done, and not upon a bill of exceptions, as might have been done previous to the amendment in 1915 of the code provisions governing proceedings for a new trial. **[5]** But, even though a motion for a new trial must now be made upon the minutes of the court and no bill of exceptions is necessary or can be used for the purposes of the motion in the lower court, yet where the motion is denied, and it is sought to review the order denying it on appeal, and the record is not brought up in the manner prescribed by section 953a of the Code of Civil Procedure, the so-called new method, it can only be brought up by a bill of exceptions prepared and settled after the order denying the motion is made in conformity with the practice which has always prevailed in connection with motions for a new trial made upon the minutes. Such a bill of exceptions we have before

us, and to it section 648 of the Code of Civil Procedure, requiring a specification of the particulars in which the findings are not supported by the judgment, applies. (*Hawley* v. *Harrington,* 152 Cal. 188, [92 Pac. 177] ; *Carter* v. *Canty,* 181 Cal. 749, [186 Pac. 346] ; *Martin* v. *Hildebrand,* 183 Cal. 270, [191 Pac. 676].)

The respondent makes and insists upon the point that because of the lack of the bill of exceptions in this respect, it is not open to us to examine the merits of the appellants' contentions, and we can but concede the point. It is determinative of the appeal.

Judgment affirmed.

Shaw, J., Wilbur, J., Sloane, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.