[No. 16751. Department Two. January 4, 1922.]

A. L. DUNAGAN, *Respondent*, v. SCHOOL DISTRICT No. 4
OF SNOHOMISH COUNTY, *Appellant*.[1]

APPEAL (418)—REVIEW—FINDINGS. The finding of the trial court
based upon conflicting evidence will not be disturbed on appeal,
when the evidence does not clearly preponderate against it, in view
of the opportunity of the trial court to view the witnesses and their
demeanor, and to judge of their credibility.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered April 11, 1921, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court. Affirmed.

*Thos. A. Stiger,* for appellant.
*Cooley, Horan & Mulvihill,* for respondent.

HOLCOMB, J.—This case presents nothing but a ques-
tion of facts.

Respondent brought suit upon an oral contract al-
leged to have been entered into with the school dis-
trict for the transportation of children of the school
district from the Highland District to the Central
School at Lake Stevens, at the stipulated sum of $1,000.

Appellant is a consolidated school district with its
principal or central school at Lake Stevens, and with
outlying schools at, among other places, Lochsloy,
sometimes called Outlook, and at Highland, to the
north. The north route is known as the Highland
route, and the contention of the school district is that
it has application to the route carrying children of the
north end, and that the north route covers the trans-
portation of the Lochsloy district children to Highland,
and at Highland the high school children to the central
school at Lake Stevens.

[1]Reported in 203 Pac. 15.

Respondent, who is employed as a teacher of manual training in the central school at Lake Stevens, entered into a contract with the school district to teach manual training at $145 per month. He claims that the oral contract entered into with appellant was for transporting the Highland children, and did not include the transportation of the Lochsloy children to Highland. The Lochsloy school is some two and one-half miles north of the Highland school.

Appellant claims that, at best, there was a difference in the minds of the directors of appellant and of respondent as to what was the intention of the parties to the contract, and that there was no meeting of the minds, therefore no contract.

The trial court found that the oral contract was entered into as alleged by respondent to transport pupils from the Highland School to Lake Stevens, for the agreed compensation of $1,000 for one hundred and eighty-three days; that respondent entered upon the performance of the contract and transported pupils for eighteen days, when the appellant repudiated the contract, refused to permit respondent to transport pupils any longer, and entered into a contract with another person for the work; that respondent, during that time, performed all of the conditions of the contract required of him to be performed, and held himself in readiness to complete the performance of the contract, but that appellant breached the contract; that the rate of compensation agreed upon for the eighteen days, during which the contract was performed, was $5.41 per day, and that the balance of the term of one hundred and sixty-five days respondent would have made a profit of $3.41 per day.

The trial court therefore concluded that respondent

6—118 WASH.

was entitled to recover the sum of $660.03, and judgment was entered accordingly.

There was a direct conflict in the evidence upon the principal issues, and we have held that, in such cases, where the trial court might have decided either way upon the conflicting testimony, even though a greater number of witnesses may have testified one way than the other, the trial court, having an opportunity of viewing the witnesses and their demeanor and credibility, has a better opportunity to judge of their credibility and of the weight to be given their testimony, and where the evidence does not preponderate against the findings of the trial court we will not disturb its findings. *Barr v. Kerfoot Investment Co.*, 90 Wash. 471, 156 Pac. 392; *Miller v. Reeves*, 101 Wash. 642, 172 Pac. 815.

At the conclusion of the evidence at the trial, the trial court made a very logical and complete summing up of the evidence, and his analysis of the same, as the facts are set forth in the record, is very convincing. From an examination of the record, we are convinced that the evidence does not preponderate against the finding that the contract was made as found by the trial court, and was repudiated by the appellant, and that the respondent is entitled to recover.

Judgment affirmed.

PARKER, C. J., MAIN, and MACKINTOSH, JJ., concur.