[Civ. No. 3398.  Third Appellate District.—March 17, 1928.]

H. H. TOWNSEND, Appellant, v. MERCANTILE IN-
VESTMENT CO. (a Corporation) et al., Respondents.

Cooper, Collings & Shreve for Appellant.

Paul Barksdale D'Orr and A. L. Abrahams for Respond-
ents.

HART, J.—This action involves a controversy between
the parties regarding certain contracts into which they had
entered, whereby the defendants, owners of a tract of land
situate near the city of Long Beach, in Los Angeles County,
agreed with the plaintiff that the latter should subdivide
said land into town lots and improve the same, with the
view of establishing a town or city between said city of
Long Beach and the city of Pasadena, in said county, to be
named and known as "Hollydale." The contract first so
entered into provided, among other things, that the lots or

units into which the land was to be subdivided were, at the expense of plaintiff, to be improved by laying out and building streets and sidewalks and installing a water-pipe system in said Hollydale; that plaintiff was to sell said lots or units and from the gross proceeds of such sales he was to receive fifty per cent and the defendants a like per cent.

Appellant's brief contains a general statement of the allegations of the amended complaint and the denials and the averments of a special defense set up by the defendants. Said statement is as follows:

"Plaintiff-appellant, a real estate broker, brought an action against the Mercantile Investment Company and E. A. Parkford (the sole owner of such corporation) to declare his interests in certain contracts relating to a townsite called 'Hollydale,' and for an accounting for the property he had sold therein.

"In his complaint (amended and supplemental) plaintiff set forth his original contract in full and then proceeded to recite the acts he had done thereunder, and then after alleging what took place, he pleaded a second agreement and his work under both contracts. The original contract provided in substance that plaintiff was to subdivide, improve and sell the land, and for such services he was to receive fifty per cent (50%) of the gross receipts. The second or supplemental agreement provided that, instead of plaintiff financing the project as to improvements, etc., Parkford was to do so, and that after paying all expenses, plaintiff and Parkford were to share equally in the profits of the enterprise.

"The complaint then sets forth twenty-one specifications wherein the defendants, Mercantile Investment Co. and Parkford, had breached the agreement, and alleging the fraud practiced upon plaintiff from which he alleges that he cannot safely proceed with his part of the contract, and for which reason he asks the court to declare his rights and interest in said contracts, and for an accounting thereunder.

"Defendants filed an answer admitting the execution of the contracts, but denying any breaches of the contract, and by way of further answer, alleged fraud of the plaintiff in the procuring of both contracts."

The prayer of the complaint (supplemental and amended) is for a decree for an accounting between plaintiff and defendants, "in order that it may be declared plaintiff's inter-

est in and to the partnership agreement . . . (Ex. 'A.'), and his interest thereunto because of Exhibit 'B' (a supplemental contract), and further, that the interest in the land, pursuant to the contracts herein designated as Exhibits 'A' and 'B' of the plaintiff, be declared and fixed," and for the appointment of a receiver, etc.

It is not necessary, in view of the conclusion at which we have been compelled to arrive, to state in detail herein the several different particulars in which the answer alleges a breach of the contracts by the plaintiff. It may be generally stated that the defendants, by their answer, in addition to denying specifically the vital averments of the complaint, charge that plaintiff by false and fraudulent representations procured defendants to enter into the contracts designated Exhibits "A" and "B," the particulars in which such act on the part of plaintiff involved false and fraudulent representation being set forth in the answer specifically; that plaintiff by false and fraudulent representations induced certain parties to purchase lots in a subdivision, and that by reason thereof such purchasers appealed to defendants and insisted that they right the wrong or repair the losses and thus relieve them of improvident bargains and unfair contracts into which they had been led by the plaintiff; that the latter collected large sums of money on the sale of lots which he did not report in full to the defendant; that he (said plaintiff) wrongfully retained and appropriated to his own use certain portions of such money, and fraudulently concealed from defendants the fact of the collection and receipt by him of large sums of money on such sales, etc.

The prayer of the answer to the "supplemental and amended" complaint is: "Wherefore defendants pray that plaintiff take nothing by this suit; that defendant Mercantile Investment Company be adjudged and declared to be the owner and entitled to the possession of Hollydale as against the plaintiff, his agents and employees, and all persons claiming by, through or under him; for costs and for general relief."

The court found against the plaintiff on all the vital issues submitted for determination and decision by the pleadings and as developed by the evidence. The findings are specific and voluminous and cannot (nor is it necessary) be presented herein in detail. It is sufficient to refer thereto in a

very general way. First, it is proper to state that among its other findings the court found that "it was stipulated by the parties in open court that all of the matters of difference between the plaintiff and the defendants, or either of them, arising out of said contracts, or either of them, or the breaches of said contracts, or either of them, which may be properly determined by the court under the evidence produced within the issues raised by the evidence or pleadings, shall be determined in this action." It was further found, as it is alleged in the answer, that plaintiff, through and by means of false and fraudulent representations, procured the said contracts to be entered into and executed by defendants, and that all other acts of fraud charged in the answer against plaintiff in his alleged performance of the terms thereof, were committed by plaintiff and that false reports and representations were made from time to time by the plaintiff to the defendants as to the sums of money collected and received by him (plaintiff), all with the intent to defraud defendants of their just rights under said contracts. The court also found that "the plaintiff has no interest in, or claim against, the tract described and known as Hollydale; that the plaintiff has no interest in, or claim against, any contracts, money, or other things of value arising out of, or resulting from, the sale of any lot or lots in said tract; that the plaintiff is not entitled to any account or accounting, and that the defendants have fully accounted to plaintiff in all matters arising out of, or in connection with, or resulting from, said contracts or either of them; that said contracts or each of them, have been and were fully terminated, and the defendants rightfully declared said contracts terminated, and ended, on or about April 15, 1924. That the defendants are not, nor are either of the defendants indebted to plaintiff in any sum whatever. That the defendants are entitled to retain said tract and all improvements thereon, and all contracts and monies and other things of value received heretofore, or which may hereafter be received by them, or either of them, in any manner whatsoever. That the relationship of the plaintiff to the defendants, and each of them, was terminated and ended about April 15th, 1924."

From the findings of fact the court educed the following conclusions of law:

"That the defendants are entitled to a judgment and decree that plaintiff take nothing by his suit; that defendants' title to the tract in said findings described, and each and every part and parcel thereof, and to the proceeds from the sale of said tract, of every kind and character whatsoever be quieted as against the plaintiff and all persons claiming by, through or under him; for possession of all of said properties and each and every parcel and part thereof, that plaintiff be forever barred and foreclosed of and from any claim or demand against the defendants, or either of them, or against said properties and proceeds, or any part or parcel thereof, and for costs."

Upon its findings and conclusions of law the court ordered judgment for defendants as follows:

"1. That plaintiff take nothing by his suit; 2. That the defendant, Mercantile Investment Company, is the owner in fee of the land described in the complaint and involved herein, and all improvements thereon; 3. That defendant Mercantile Investment Company's title to said real property be, and the same is hereby adjudged to be quieted as against any and all claims, demands or pretensions of the plaintiff and all persons claiming by, through or under him; 4. That the defendant Mercantile Investment Company is the owner and entitled to the possession of all contracts, monies and all choses in action and other proceeds from the sale of any lot or lots in said tract, and its title thereto is hereby adjudged to be quieted as against the plaintiff and all persons claiming by, through or under him; 5. That plaintiff, H. H. Townsend, has not any right, title, equity, interest, or right of possession in or to any of said real property, or in or to any of said personal property, contracts, monies or choses in action, or any part thereof and said H. H. Townsend is hereby perpetually restrained and enjoined from setting up or making any claims to or against the same or any part thereof"; 6. That the contracts between the plaintiff and defendant Mercantile Investment Co., designated, respectively, as Exhibits "A" and "B," be, and each of them is, "hereby declared and adjudged to have been terminated and the relation created thereby ended," on April 15, 1924, "and it is further adjudged and decreed that the plaintiff has no claim or demand against defendants or either of them in law or equity under said contracts or either of them or otherwise

in connection with the matters in said contracts or either of them referred to''; ''8. It is further adjudged and decreed that defendant Mercantile Investment Company be put in possession of said real property and the whole thereof and that plaintiff be ousted therefrom.''

The plaintiff appeals from the judgment and also from the order denying his motion for a new trial, supporting the appeals by a bill of exceptions. An order denying a motion for a new trial is not subject to appeal (Code Civ. Proc., sec. 963); hence the appeal from such order herein must be and is hereby dismissed.

The plaintiff contends, under four distinct assignments, which may be stated without reference to the manner in which they are presented in the brief, as follows: That he was entitled, under the pleadings and the evidence, to have it declared and decreed that he and the defendant corporation were joint adventurers in the prosecution of the transactions which were the subject and the purpose of the contracts upon which this action is founded, and that, by reason of the relation between him and said defendant thus created by said contracts, he was entitled to have his rights thereunder declared and adjudicated; that the evidence is insufficient to support the findings, and, lastly, that the conclusions of law do not support the judgment. The presentation in substance hereinabove of the prayers of the complaint and the answer and the findings, the conclusions of law and the judgment was for the purpose of considering the point or proposition last stated. The three propositions stated precedently to the last are involved in the point that the evidence is insufficient to support the findings. ■ And as to that proposition the plaintiff has not presented here a reviewable record, since the particulars in which it is claimed that the evidence does not support the findings are not specified in the bill of exceptions. (Code Civ. Proc., sec. 648.) Said section provides, among other things, that ''when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient.''

It is said in *Millar* v. *Millar*, 175 Cal. 797 [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394]: ''It is settled by a long line of decisions of this court that the ques-

tion of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from a judgment where the bill of exceptions relied on contains no specification of insufficiency of the evidence." "The object of the rule requiring these specifications," it is said in *Swift* v. *Occidental Mining & Petroleum Co.*, 141 Cal. 161, 168 [74 Pac. 700, 702]; "is first to shorten the statement of the evidence by excluding everything irrelevant to the specified fact; and, second, to notify the opposing party of the particular finding called in question, in order that he may see that the statement fairly and fully presents the evidence bearing upon that particular matter." (See, also, *Hawley* v. *Harrington*, 152 Cal. 188 [92 Pac. 177]; *Meek* v. *Southern California Ry. Co.*, 7 Cal. App. 606 [95 Pac. 166]; *Smith* v. *Meade*, 36 Cal. App. 173 [172 Pac. 815].) In addition to the reason given in the above cases for the necessity of complying with the requirement of section 648 of the Code of Civil Procedure, where the appeal is supported by a bill of exceptions and the findings are challenged on the ground that they are not supported by the evidence, another may be suggested and that is that the courts of appeal should not be expected or required, without the aid of "square or compass," to make an excursion through the more or less intricate meanderings of the ordinary record on appeal, to ascertain whether the findings, or any finding essential to the support of the judgment, are or is sustained by the evidence, and thereby assume a burden which naturally and rightfully should, and which the legislature, in effect, has said shall be borne by the attorney of the appealing party. It follows that the appeal, as it is presented here, is practically nothing more than an appeal from the judgment on the judgment-roll alone, and that "as to all questions of fact, this court is concluded by the findings of the trial court, which must be taken as true for all the purposes of this appeal." (*Millar* v. *Millar, supra*.)

We perceive no force in the contention that the conclusions of law do not support the judgment, nor in the further contention that the findings themselves are inconsistent and contradictory. The parties, as seen, stipulated that all issues raised by the pleadings or evidence should be determined in this action, and the court made a finding to the effect that such a stipulation was entered into and made.

An examination of the record will show that the court made a finding on every material issue arising in the case, and, as shown above, found that "the plaintiff has no interest in, or claim against any contracts, money," etc., arising out of, or resulting from, the sale of any lot or lots in said tract, "and that plaintiff is not entitled to any account or accounting, and that the defendants have fully accounted to plaintiff in all matters arising out of . . . or resulting from said contracts or either of them." The other findings in their general purport harmonize with the foregoing, and the findings in their entirety support the judgment. The conclusions of law may not be as full and specific as they might have been made, yet they are in accord with the findings and are sufficient. They substantially embrace conclusions from the findings of all the vital facts.

The judgment is affirmed.

Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1928.

All the Justices concurred.