[Civ. No. 8409. First Appellate District, Division Two.—November 23, 1932.]

ELMER DAVIS, Respondent, v. MARTIN L. BORTVEIT et al., Defendants; MARGARET J. CHURCH, Appellant.

Mark R. Averill and M. S. Hamilton for Appellant.

Walter S. Chamney for Respondent.

KING, J., *pro tem.*—The action is for the foreclosure of a lien for a balance due for labor and materials furnished in plastering a dwelling constructed for defendant Margaret J. Church, the contractors being Bortveit & Morton. The action was dismissed as to all except Margaret J. Church, and judgment went for plaintiff against her.

The question before the court is largely one of fact, the specifications of error being that the evidence is insufficient to justify the findings and decision as to (1) finding IV; (2) finding V; (3) the court erred in not finding that the building was completed and accepted on July 21, 1928; (4) the court erred in rendering judgment against appellant, and (5) that the decision is against law.

The plastering was performed and respondent received $300 on account, the balance, $402, forming the basis of the action. The lien claim was filed October 24, 1928. No notice of completion was ever filed.

Finding IV, which is attacked, is that beginning on the twenty-first day of July, 1928, and continuing for more than thirty days thereafter, no work was done on the building. Finding V, also attacked, finds that the sewer work was not finished until September 25th, and that it was a "necessary and integral part of said building and was pro-

vided for in the original plans and specifications of said building". If either finding be true, respondent's lien claim was filed in time, and appellant's main contention must be decided against her.

It appears by the testimony of defendant's husband that he paid the balance due before leaving on a trip on July 14th.

■ Appellant also maintains in her brief that finding II is not supported by the evidence, but failed to specify in the bill of exceptions that she desired to attack this finding. Respondent contends that under these circumstances "the court cannot now review finding No. II", and cites *Mills* v. *Brady*, 185 Cal. 317 [196 Pac. 776, 778], in which the Supreme Court, at page 321, says: "The respondent makes and insists upon the point that because of the lack of the bill of exceptions in this respect it is not open to us to examine the merits of the appellant's contention, and we can but concede the point." The point is well taken by respondent, yet we have examined the record pertaining to this finding and believe the finding supported by the evidence and by stipulation of counsel.

■ As to finding IV: At the time Dr. Church left, July 14th, appellant's witness Woolpert testified: "I represented the Church's in the matter of the completion of this house. The building was completed the week following the Doctor's leaving Berkeley. I have a list given me by Mrs. Church at the time they left. This list is a list of small items to be finished before the house was accepted. We devoted that following week to finishing these up in order that I might accept the house, and have it off our hands, and so we could devote our time to the completion of the sewer, which was a separate item at that time. They completed these items the week following. . . . I then accepted the building for and on behalf of Mrs. Church the week following his departure."

There was some testimony as to a few hours' work done on August 2d in "washing around the front porch with white cement", but several witnesses contradicted this, and the court found that the work was stopped on July 21st for a period of more than thirty days. The evidence supports this finding.

The claim of lien was filed October 24th, within 120 days after the cessation of work, and was in time.

Finding V, holding that the sewer work was an "integral part of said building", etc., is also attacked. However, it is unnecessary to consider this finding, because the findings are sufficient without this.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 23, 1932.