[No. 28308. Department Two. April 14, 1941.]

CODY LEE, *Appellant,* v. DEBENTURES INCORPORATED, *Respondent.*

DEBENTURES INCORPORATED, *Respondent,* v. CODY LEE, *Appellant.*[1]

[1]Reported in 112 P. (2d) 142.

W. C. *Hinman,* for appellant.

*Palmer, Askren & Brethorst* and *B. E. Lutterman,* for respondent.

MILLARD, J.—In an action instituted by Cody Lee against Debentures Incorporated for specific performance of an alleged oral contract for the purchase of property known as the Marino Building in Seattle, Washington, plaintiff averred that March 1, 1939, defendant offered to sell to her the property in question under a month-to-month lease agreement with an option to purchase the property; specifically, that the plaintiff agreed to pay fifty dollars monthly as rental with an option to purchase the property for $4,750, with a down payment of $350 and a monthly payment on the balance of fifty dollars. Plaintiff further alleged that she made the first monthly payment of fifty dollars, entered into possession of the property, and expended (on faith of representations by defendant's officers and employees, who inspected the work, that defendant would cooperate with her) a very considerable sum of money and much time and labor in repairing and improving the property; that May 28, 1940, when she requested defendant to definitely fix the terms of the purchase of the property,

defendant delivered to her a memorandum offering the property at the price of five thousand dollars on terms of an initial payment of five hundred dollars, the balance of forty-five hundred dollars payable in monthly installments of sixty-five dollars; and that August 9, 1940, when plaintiff tendered five hundred dollars in cash to defendant and demanded a contract for purchase of the property, the tender was refused, as the property had been sold and defendant had been served July 23, 1940, with notice that the lease would be terminated September 10, 1940. It should be observed at this stage that plaintiff was served July 16, 1940, by defendant with notice to pay two months' past due rental or to surrender the premises.

In the foregoing, or first, action for specific performance of an alleged option to purchase real property, the defendant denied the existence of any option. One month subsequent to institution of the first action, Debentures Incorporated (defendant in the first action) commenced an action in which it alleged that Cody Lee was guilty of unlawful detainer of the subject-matter in controversy and prayed for restitution of the property and damages. As an affirmative defense to the second action, defendant pleaded the alleged option to purchase upon which she relied for specific performance in the first action. On stipulation, the two causes were consolidated for trial and have also been consolidated on appeal.

The causes were tried to the court, which found, substantially, as follows: Cody Lee failed to prove the existence of an option to purchase the real estate in question. She was occupying the property as a tenant on an oral month-to-month tenancy. Notice to vacate and surrender the premises in the form and manner prescribed by statute was served upon Cody

Lee and her successor in interest; and that, because of her failure to comply with that notice, Cody Lee and her successor in interest were in unlawful possession of the property, hence guilty of unlawful detainer. Judgment was entered dismissing the specific performance action and awarding relief in the unlawful detainer action for which the lessor prayed. Cody Lee appealed.

Appellant's evidence is to the effect that, with knowledge that the Marino Building would require the expenditure of a substantial amount of labor, time, and money to render it usable, she refused to lease same and improve it unless she was given an option to purchase that property; that respondent would not give a written option but did give her an oral option to purchase the property as alleged in the complaint; that is, she was given a month-to-month lease at fifty dollars monthly with option to purchase the property for a consideration of $4,750, the first payment to be $350, the balance of the purchase price payable fifty dollars monthly. On different occasions, respondent admitted appellant had an option and encouraged her to continue to improve the property. On May 28, 1940, when she requested respondent to definitely state the terms of the option to purchase, appellant was given a memorandum offering the property to her for five thousand dollars, payable five hundred dollars in cash and the remainder of forty-five hundred dollars payable sixty-five dollars monthly. When on August 9, 1940, a little more than two months subsequent to fixing the terms of the option to purchase, appellant tendered five hundred dollars to respondent, the tender was refused. It is appellant's contention that the evidence clearly discloses an expenditure of time, money, and labor, such as to be wholly inconsistent with a month-to-month tenancy and conclu-

sively shows that appellant was relying on her option to a very great extent in making such expenditures.

Our determination of the first question, which is one of fact, concludes this appeal. Appellant insists that she had an oral option to purchase the real estate in controversy. The trial court specifically found that no option, either oral or written, under which appellant would acquire the right to purchase the property, was given by respondent to appellant; and that the possession of the premises was taken by appellant under a month-to-month tenancy and was not taken under any option contract. The trial court stated it would not believe the testimony of witnesses in support of appellant's position that she would not have accepted a lease without an option to purchase, and that the expenditures for improvements were made by appellant in reliance upon that option.

The testimony of respondent's representative, who handled the transaction with appellant, controverts the evidence on behalf of appellant on the subject of an option to purchase the property. That being so, the finding of the trial court will not be disturbed on appeal. We have consistently held that the finding of the trial court based upon conflicting evidence will not be disturbed on appeal when the evidence does not clearly preponderate against that finding, in view of the opportunity of the trial court to view the witnesses and their demeanor, and to judge of their credibility. *Dunagan v. School Dist. No. 4,* 118 Wash. 160, 203 Pac. 15. See, also, *Evans v. Hartmann,* 5 Wn. (2d) 434, 105 P. (2d) 717.

The so-called written option, reading as follows, of May 28, 1940, made more than a year after appellant rented the property in controversy, was explained by respondent's representative, which explanation

was believed by the trial court and is in harmony with other evidence in the cause:

"5/28/40  Marino  Building  Sale  price 5000
                             cash    500
                                  $4500
$65 Mo. Includes Int prin—tax & Ins.
Rate 5%
All figures are net to Debentures.
                        (signed) ZOL"

May 28, 1940, appellant, accompanied by a real estate man, attempted to purchase the property from respondent for twenty-eight hundred dollars. Her real estate escort was informed, as was appellant, that such an offer would not be accepted; and, in response to the real estate agent's request for information as to the terms on which respondent would sell the property, respondent's representative wrote on a small piece of scratch paper the above-quoted so-called option and handed it to the real estate agent. Nothing was said at that time about an option, and appellant did not claim that she had an option. Appellant made no offer to purchase the property, which was sold to another person; and in July, 1940, notice of termination of tenancy was given to appellant, who during most of the tenancy was delinquent in payment of rental.

September 16, 1940, appellant was served with a copy of the summons and complaint in the unlawful detainer action. The summons was returnable September 24, 1940, but was dated September 11, 1940. Appellant's contention that the summons is void, as this is more than the twelve days permitted by the statute, reading as follows, is without substantial merit:

"A summons must be issued as in other cases, returnable at a day designated therein, which shall not

be less than six nor more than *twelve days from the date of service,* . . . " Rem. Rev. Stat., § 817 [P. C. § 7975]. (Italics ours.)

Counsel for appellant admits that the summons was served September 16, 1940, and was returnable September 24, 1940, which was clearly within the foregoing statutory provision.

■ Another answer to this contention is that counsel made a general appearance on behalf of appellant, pleaded the affirmative matter respecting an alleged option to purchase, and interposed no objection to the summons until after the case was argued. If there was any defect of service of process, that defect was waived.

■ Counsel for appellant finally contends that respondent was not entitled to judgment in the amount of one hundred dollars for rental due, as the rent was paid to September 10, 1940; that the court should not have entered judgment for more than fifty dollars in any event.

The trial court found that appellant was guilty of unlawful detainer. The rent was fifty dollars a month. Under the statute (Rem. Rev. Stat., § 827 [P. C. § 7985]) respondent would be entitled to double the amount of rent for the period that appellant was in possession following the termination of the tenancy. On the date of entry of judgment, appellant was still in possession of the property, and two months' rental was then due; therefore, respondent could have recovered, under the statute, a judgment for two hundred dollars. However, respondent has not chosen to raise the question as to its right to recover in that amount on cross-appeal.

The judgment is affirmed.

ROBINSON, C. J., BEALS, SIMPSON, and JEFFERS, JJ., concur.